PEOPLE v. MURPHY.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS AS TO DUTY OF JURY TO CONVICT.

In a prosecution for permitting gaming apparatus on his premises in violation of section 2, Act No. 176, Pub. Acts 1925, where the evidence establishing defendant's guilt was undisputed, the trial court was not in error in instructing the jury that they ought to find him guilty, especially in

¹Criminal Law, 16 C. J. §§ 2313, 2493; Gaming, 27 C. J. § 247.

view of other instructions that they were sole judges of the facts, and that the court had no power in a criminal case to direct a verdict.

2. SAME—EVIDENCE—OTHER OFFENSES.
   Testimony that defendant, charged with permitting gaming apparatus on his premises, was seen on the premises the night preceding the day when the offense is charged is not objectionable on the ground that it tended to establish another distinct and independent crime, since the offense charged is generally a continuing one, is in fact but one act if the gaming be continuous and without interruption, and a conviction as of a certain date would bar prosecutions for all dates previous thereto.

3. SAME—EVIDENCE—ADMISSIBILITY.
   Testimony that defendant, charged with permitting gaming apparatus on his premises, was seen on the premises the night preceding the day when the offense is charged, was admissible as tending to show the circumstances, the surroundings, defendant's guilty knowledge, and what use was being made of the apparatus on the date charged in the information.

4. SAME—TRIAL—INSTRUCTIONS—ELEMENTS OF OFFENSE.
   An objection that the trial court failed to instruct the jury as to the constituent elements of the offense charged, *held*, without merit.

Error to Monroe; Root (Jesse H.), J.    Submitted April 15, 1927.    (Docket No. 149.)    Decided June 6, 1927.

Byron Murphy was convicted of permitting gaming apparatus on his premises, and sentenced to pay a fine of $500 and to imprisonment for six months in the Detroit house of correction.    Affirmed.

*Clayton C. Golden* and *William F. Haas,* for appellant.

*William W. Potter,* Attorney General, and *Edgar G. Gordon,* Prosecuting Attorney, for the people.

---

[2]Criminal Law, 16 C. J. § 1164; [3]Id., 16 C. J. § 1164; [4]Gaming, 27 C. J. § 247.

SNOW, J.    The defendant was convicted of violating that portion of section 2, of Act No. 176, Pub. Acts 1925, declaring it unlawful for any person to "permit on any premises owned, occupied or controlled by him any apparatus used for gaming," etc., and brings error.

The prosecution produced evidence upon the trial which clearly established defendant's guilt.    Its recitation here is deemed unnecessary.    It was not disputed.    Defendant neither took the stand himself, nor produced any witnesses in his own behalf.    Properly, however, the court left it for the jury to acquit or convict.    In the instructions, the following language was used, upon which error is assigned:

"I nevertheless say to you that under the evidence as produced in the case and on the record as it stands before us here, you ought to find this defendant guilty."

It was established without dispute that the defendant was the owner of the building, occupied a portion of it as his residence, and was present in the room where the gaming apparatus was in use on at least two occasions; that he had full knowledge that gambling was being indulged, and in fact was a party to it.    Yet, defendant insists that the statement of the court that the jury ought to find him guilty usurped the province of the jury, and constitutes reversible error.    We do not think so.    The jury was left to pass upon his guilt under the following instructions:

"You are the sole judges of the facts in this case. Under our system of jurisprudence it is the jury's sole privilege and duty to pass upon the facts in any given case, particularly so in a criminal case; the court has no power in a criminal case to direct a verdict or to say to the jury they must do so and so, it is therefore your duty to pass on the evidence here as you would pass upon it in any other case and from it de-

termine the question of guilt or innocence of this defendant.   *.   *   *

."Notwithstanding that, it is your duty to pass upon evidence and your duty alone to say whether this defendant is guilty or innocent, because under our law that is peculiarly the province of the jury."

The use of the language complained of was not, therefore, erroneous.   *People* v. *Neumann,* 85 Mich. 104.

Error is also assigned upon the admission of testimony to the effect that defendant was seen on the premises the night preceding the day when the offense is charged in the information to have been committed. It is contended that thereby defendant's guilt of another distinct and independent crime was established, and our attention is directed to a number of authorities holding evidence for such purpose inadmissible.   We need not discuss them.   This is undoubtedly the general rule, subject to a number of well-defined exceptions, comment upon which we also deem unnecessary.   The fact that the gaming apparatus was in use prior to the date charged in the information did not establish "another distinct and independent crime." Permitting apparatus for gaming on one's premises, the charge in the instant case, is generally a continuing offense, and if the gaming be continuous and without interruption it is in fact but one act, and a conviction as of a certain date would bar prosecutions for all dates previous thereto.   *People* v. *Cox,* 107 Mich. 435.

We think the evidence admissible.   It tended to show the circumstances, the surroundings, defendant's guilty knowledge, and what use was being made of the apparatus in the room on the date charged in the information.   *People* v. *Hicks,* 79 Mich. 462.

Defendant lastly complains that the court failed to instruct the jury as to the "constituent elements of the offense charged."   The prosecuting attorney

elected to go to the jury upon that portion of the information charging defendant with permitting gaming apparatus on his premises, and in explanation of what constituted such offense, the court charged:

"The words suffer and permit as used in this statute have their ordinary meaning and definition, to suffer means to allow, to permit, to tolerate and permit and is used in a synonymous manner and is used the same as to suffer, to tolerate, to allow."   *   *   *

The court also charged:

"The information in this case charges several different offenses but the prosecutor as you heard him elected to stand and the case is submitted to you on the charge that the defendant did on the 13th day of September, 1925, in this city, county and State suffer and permit on the premises owned by him, 122 E. Front St., certain gambling apparatus and gambling on those premises and that therefore is the only charge in this case that you are required to pass upon or my duty to submit to you."   *   *   *

The jury was thus informed as to the nature of the charge, and must have fully understood of what offense it convicted the defendant.

The conviction is affirmed.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.