WATSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 14—February 7, 1928.*

*Intoxicating liquors: Unlawful possession: Evidence: Sufficiency: Argument of district attorney: Comment on failure of defendant to take stand: Harmless error.*

1. In a prosecution for the unlawful possession of privately distilled intoxicating liquor, evidence showing that defendant had possession of the premises where the liquor was found is *held* sufficient to sustain a finding of the jury that defendant had such possession, it not being necessary to prove ownership. p. 168.

2. The admission in evidence of the bottle containing the liquor is *held* not prejudicial error, even if there was not complete identification of the exhibit, where there was ample evidence in addition sustaining the finding of the jury. p. 168.

3. Evidence that a barkeeper in defendant's soft-drink parlor had glasses on a tray, in which there was some kind of liquor, that he attempted to destroy the evidence by pouring it in a sink, and that an officer searching the establishment sopped up and saved some of the liquor, which was found to be moonshine, is *held* to support a conviction for possessing privately distilled intoxicating liquor. p. 168.

4. A remark of the district attorney in his argument to the jury that there was not a scintilla of evidence in the case to show that the place in which the liquor was found was not defendant's place, and that defendant could have taken the stand, is *held* not prejudicial where the remark was promptly objected to and the court instructed the jury to disregard it, and no argument was made based on the fact that defendant did not testify in his own behalf. p. 169.

5. District attorneys are officers of the court, and they should have scrupulous regard for the constitutional rights and privileges of defendants. p. 169.

ERROR to review a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

Possession of privately distilled intoxicating liquor. Information in this case filed on the 21st day of February, 1927. Judgment was entered on March 2, 1927.

There were three counts in the information. The first

count charged that *Asa Watson,* plaintiff in error, hereafter called the defendant, unlawfully had in his possession privately distilled intoxicating liquor on the 18th day of June, 1926. The second count charges the defendant with maintaining a public nuisance in the city of Platteville on the 18th day of June, 1926, but was abandoned on the trial. And the third count alleges that the defendant was found guilty in the circuit court for Grant county on October 30, 1925, of violating sec. 165.01, Stats. 1925. Said judgment was affirmed and stands unreversed. The jury found the defendant guilty as charged in the information. The sentence of the court was that the defendant be punished by payment of a fine of $200 and costs; in default thereof, imprisonment at hard labor in the house of correction not exceeding two months; and that in addition the defendant be committed to the house of correction at hard labor for the term of three months, that term to begin after the fine and costs were paid, and if the fine and costs were not paid, then two months from the date of sentence.

*Otto F. Christenson* of Lancaster, for the plaintiff in error.

For the defendant in error there was a brief by *R. M. Orchard,* district attorney of Grant county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Orchard* and *Mr. Messerschmidt.*

Rosenberry, J. The errors assigned are: (1) The court erred in refusing to dismiss the action for the reason that it was not sufficiently shown that the defendant had possession of the liquor or possession of the premises wherein it was found. (2) The court erred in refusing to dismiss the action for the reason that it was not shown that the liquor introduced in evidence was privately distilled intoxicating liquor. (3) The court erred in admitting in evidence a certain exhibit because no proper foundation was laid therefor. (4) The court erred in refusing to grant a new trial because

of the district attorney's improper comments on the fact that the defendant had not testified in his own behalf.

On the day in question the sheriff had a search warrant authorizing him to search the premises in question, which premises were alleged to be occupied by the defendant. The sheriff testified that he knew the defendant; that he had been in defendant's place of business many times; that he went on the premises on the 18th day of June, 1926; that said premises were occupied by the defendant; that the defendant was there that day; that he was sitting on a sofa out in front of the bar. This testimony was uncontradicted and we think sufficient to sustain the finding of the jury. It is not necessary to prove ownership. It appears by the undisputed evidence that the man in charge of the saloon was a bartender; that the defendant occupied the premises; that the premises were known as his, and that he was there actually in possession of the same.

As to the second assignment of error it appears that when the officers entered the unlicensed soft-drink parlor of the defendant, the bartender had upon a tray two glasses in which there was some kind of liquor; that he attempted to destroy the evidence by pouring the contents into a sink or tray of the bar. The officer reached the place in time to obstruct the discharge, sopped up some of the liquor and put it in a bottle, and it is the admission of this bottle in evidence of which the defendant complains.

It appears that Sheriff Livingston went out of office and was succeeded by Mr. Morse. The custody of the exhibit was traced to the time that Sheriff Livingston left the office; it was identified by witnesses as the bottle in which the fluid was placed on the day in question. If there was not a complete identification of the exhibit, its admission was not prejudicial error because in addition to that there was ample evidence to sustain the finding of the jury. The evidence that the glasses contained moonshine, which is the ordinary name for privately distilled intoxicating liquor, sufficiently

supports the finding of the jury and disposes of the second and third assignments of error.

The fourth assignment of error rests upon this: in the course of his argument to the jury the district attorney stated that there was not a scintilla of evidence in the case to show that the place in question was not the place of the defendant, and said: "The defendant could have gone on the witness stand himself and said it wasn't his, but there isn't one iota of evidence here that that does not belong to *Asa Watson.*" This remark was promptly objected to, the district attorney then disclaimed commenting on the fact that the defendant had not testified, the court told him he was in error and instructed him not to refer to it again, and told the jury they were to entirely disregard the district attorney's remarks. The comment made by the district attorney was in reference to a matter so perfectly obvious to any person of ordinary intelligence, it not being followed by argument based upon fact that the defendant did not testify in his own behalf, that the making of the comment cannot in this case be held prejudicial error.

We wish to repeat what we have said many times that district attorneys are officers of the court and that they should have a scrupulous regard for the constitutional rights and privileges of defendants. It was certainly not necessary in this case, and is not permissible in any case, to indulge in the line of argument entered upon by the prosecuting officer. The moral effect of successful prosecutions against those charged with criminal offenses is much more in the public interest where every one, including the defendant himself, feels that he has had an absolutely fair trial. In a close case such misconduct on the part of the prosecuting officer may well work a reversal of the judgment, and certainly if repeated and persisted in warrants disciplinary action by the trial court.

*By the Court.*—Judgment affirmed.