FUERSTENBERG, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 4—April 29, 1930.*

For the plaintiff in error there was a brief by *Walker, Christenson, Hof & Lewis* of Lancaster, and oral argument by *Otto F. Christenson.*

For the defendant in error there was a brief by *Manfred S. Block,* district attorney of Grant county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Block* and *Mr. Messerschmidt.*

FRITZ, J.    Plaintiff in error assigns as error the refusal of the court to grant his motion in arrest of judgment.    He contends that the evidence is insufficient and the testimony of the complaining witness is unreliable.    A review of the record discloses that under the evidence the credibility and weight of the testimony of the complaining witness were matters for the consideration of the jury, and were rightly submitted to the jury by the court under proper instructions. Likewise, the evidence was sufficient to well warrant satisfying the jury beyond a reasonable doubt as to the guilt of the plaintiff in error.

It is also contended that a new trial should have been granted because of alleged improper remarks of the district attorney in his argument to the jury.    As preserved in the record by a statement of the court, the district attorney's statement was that the evidence in the case convinced him beyond all reasonable doubt that the defendant was guilty. In ruling upon the objection of defendant's counsel the learned circuit judge promptly and effectively instructed the jury as follows:

"I will say to the jury at this time that it is the duty of counsel to comment upon the evidence, make an argument to the jury presenting the evidence, and it is proper for them to

say, give their view of what the evidence shows, what it establishes. And in a criminal case it is not improper for counsel to state, to say that in his opinion the evidence is sufficient to establish the guilt of the defendant beyond all reasonable doubt. Counsel for the defense has the same right of argument, the same right to say that in his opinion the State has failed to establish a case against the defendant beyond a reasonable doubt. But I will say to you jurors now that you are not to decide this case upon what the attorneys say to you or the opinions they give of the weight to be given to the testimony of the different witnesses. You are to determine the guilt or innocence of this defendant on the testimony that was introduced here by the witnesses under oath, and not upon what attorneys on either side tell you you should do."

The district attorney's remarks and the court's ruling and instruction were proper. ". . . The license of the advocate, and duty as well, permits him to say with the utmost freedom what the evidence tends to prove, and that it convinces him, and should convince the jurors as well, of the fact in issue." *Fertig v. State,* 100 Wis. 301, 308, 75 N. W. 960. That rule has been followed and applied by this court in subsequent cases, in which the scope of and limitations upon the argument of counsel in criminal cases are well defined. See *Hofer v. State,* 130 Wis. 576, 583, 110 N. W. 391; *O'Neil v. State,* 189 Wis. 259, 207 N. W. 280; *Zeidler v. State,* 189 Wis. 44, 49, 206 N. W. 872; *Watson v. State,* 195 Wis. 166, 169, 217 N. W. 653; *Esterra v. State,* 196 Wis. 104, 109, 219 N. W. 349.

*By the Court.*—Judgment affirmed.