TERRITORY OF HAWAII *v.* DAVID DELOS SANTOS.

No. 4010.

SUBMITTED SEPTEMBER 4, 1957.     DECIDED SEPTEMBER 18, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The defendant, David Delos Santos, appellee, was charged with contributing to the delinquency of one Faith Iokepa, a female minor over the age of twelve and under the age of eighteen years, in that he did have unlawful sexual intercourse with said Faith Iokepa, she being over

the age of twelve and under the age of eighteen and not being his wife, and thereby did commit the offense of contributing to the delinquency of a minor, contrary to section 12265, Revised Laws of Hawaii 1945, as amended by section 1, Act 185, Session Laws of Hawaii 1945 (now section 330-6 of the Revised Laws of Hawaii 1955).

After the submission of the evidence by the prosecution and the defendant, the Territory asked the court to instruct the jury that if from the evidence the jury believed that the defendant, David Delos Santos, had sexual intercourse with the said Faith Iokepa and the said Faith Iokepa was at that time a minor, over the age of twelve and under the age of eighteen years, it was immaterial that the defendant knew or did not know that the said Faith Iokepa was a minor; that it was not an essential element of the offense that the defendant have knowledge as to the age of the minor.

The defendant-appellee requested, among other instructions, that the court instruct the jury that if the Territory fails to prove beyond a reasonable doubt the defendant knew or had reason to believe that Faith Iokepa was under eighteen years, they must find the defendant not guilty. The court refused to give the Territory's requested instructions on this point but gave instead the defendant's as requested. Jury returned a verdict of not guilty.

Exceptions to these rulings were taken by the appellant, the Territory of Hawaii, and a bill of exceptions was filed and allowed by the trial judge. Although neither the plaintiff, the defendant, nor the trial judge raised any question as to the right of appeal to this court by bill of exceptions after an acquittal on a criminal charge, we shall find it necessary to discuss this point hereinafter, but first we shall take up the merits of the instructions given and refused.

Section 12265, Revised Laws of Hawaii 1945, as amended, reads as follows:

"Any parent, or legal guardian, or person having the custody of any dependent or delinquent child, as defined in section 12321, or any other person who shall knowingly or wilfully encourage, aid, cause, abet, or connive at such state of dependency or delinquency, or shall knowingly or wilfully do any act or acts that directly produce, promote or contribute to the conditions which render such child a dependent or delinquent child, as so defined, or who wilfully neglects to do that which will directly tend to prevent such state of dependency or delinquency, or conditions that make such, as aforesaid, shall be deemed guilty of a misdemeanor and, on conviction thereof, shall be punished by a fine of not more than two hundred dollars, or by imprisonment for not more than one year, or both fine and imprisonment."

Section 12268 of the Revised Laws of Hawaii 1945 states that sections 12265-12268 shall be liberally construed in favor of the Territory for the purpose of the protection of the child.

The defendant-appellee claims that if the defendant-appellee did not know or have reason to believe that the minor was under the age of eighteen, this was a defense to the offense of contributing to the delinquency of a minor; that the use of the word "knowingly" discloses a legislative intent that the defendant must know, or, in the exercise of reasonable prudence, should have known, that the girl was a minor at the date of the alleged act and that "guilty knowledge is an essential element of the offense."

While the general rule is that guilty knowledge is an essential element of most criminal offenses, such is not necessarily the case.

As stated by Mr. Justice Learned Hand in *U. S.* v. *Mack,* 112 F. (2d) 290, 292, scienter is unnecessary in

many cases of police regulation. "The doctrine of the common-law that a man should not be convicted for what he brought to pass unwittingly, did, and still does, usually conform with our sense of justice; though, even so, he is chargeable at his peril with knowledge that the proscribed conduct is unlawful. There are situations in which he acts at his peril both as to that and as to some of the facts, and it seems to us that this is one. That no doubt depends upon a balance of opposing considerations, but here, as we said, not only was the registration of prostitutes (at least in form, whatever may have been its real purpose) a policing measure, but it concerned an activity, generally outlawed, the imposition upon the conduct of which of an added risk need raise no compunctions. * * *"

In the case decided by Justice Learned Hand, a conviction for keeping and supporting aliens as prostitutes without registering them was upheld even though there was no actual knowledge on the part of the keeper and no reason to suspect that the prostitute was an alien.

Further, it will be noted that the word "knowingly," as used in our statute, refers to the doing of "any act or acts" that directly produce, promote or contribute to the conditions which render such a child a dependent or delinquent child and not that the defendant knew the age of the girl. It is obvious that the defendant wilfully did the act, that is, had sexual intercourse with the minor, even though he did not know the child's age.

Both reason and the overwhelming weight of authority support the rule that the belief by the defendant that the female was over the age and had full power to consent to intercourse while in fact she was under age constitutes no defense for violating an act protecting female children. (1 Wharton, *Criminal Law*, §§ 713-714.) And this is true even though the defendant used reasonable care to ascertain the female's age. See also Bishop, *Statutory Crimes,*

section 490, which I quote: "While, within principles explained in another connection, no one is ever punishable for any act in violation of law whereto, without his fault or carelessness, he was impelled by an innocent mistake of facts, this rule does not free a man from the guilt of this offense by reason of his believing, on whatever evidence, that the girl is above the statutory age. His intent to violate the laws of morality and the good order of society, though with the consent of the girl, and though in a case where he supposes he shall escape punishment, satisfies the demands of the law, and he must take the consequences."

To cite and quote from only a few of the many cases on the subject:

In *People* v. *Ratz,* 46 Pac. 915, 916 (Cal. 1896), defendant was charged with rape for having carnal knowledge of a girl under fourteen. Conviction was affirmed and the appellate court approved the refusal of the court below to instruct the jury that if the defendant had reason to believe and did believe that the girl was over fourteen then there was an absence of the necessary intent to constitute a crime and acquittal is in order. The appellate court said: "The claim here made is not a new one. It has frequently been pressed upon the attention of courts, but in no case, so far as our examination goes, has it met with favor. *The object and purpose of the law are too plain to need comment, the crime too infamous to bear discussion. The protection of society, of the family, and of the infant, demand that one who has carnal intercourse under such circumstances shall do so in peril of the fact, and he will not be heard against the evidence to urge his belief that the victim of his outrage had passed the period which would make his act a crime."* (Emphasis added.)

In *People* v. *Griffin,* 49 Pac. 711, 712 (Cal. 1897), where the defendant was charged with attempt to commit rape

upon an eighteen year old girl not able to give consent because of mental unsoundness, the court refused to charge the jury that the defendant must know of the victim's mental condition. In comparing the case to intercourse with a minor under the age of consent, the court said: "The same principle is uniformly applied in cases of abduction and of placing minors in houses of prostitution, where *the fact, and not defendant's knowledge or belief, fixes his responsibility.* Not only does the due protection of society demand this, but he who engages in such enterprises is committing a moral wrong, for which there can be neither palliation nor excuse. *The illegal motive is present, and that illegal motive becomes a criminal intent when the facts, at whose peril he acts, are shown to exist."* (Emphasis added.)

In *State* v. *Houx,* 19 S. W. 35 (Mo. 1892), defendant was charged for the rape of a ten year old girl. Conviction was affirmed. "Defendant offered, and the court refused to admit, testimony tending to prove that he had reason to believe that the prosecutrix was, at the time of the carnal knowledge, over the age of 12 years. We do not think that the court committed error in this. 'His intent to violate the laws of morality and the good order of society, though with the consent of the girl, and though in a case when he supposes he shall escape punishment, satisfies the demands of the law and he must take the consequences,' Bish. St. Crimes, § 490 * * *."

Then in *Lawrence* v. *Commonwealth,* 30 Gratt 845 (Va. 1878), the defendant was charged for rape of a girl under twelve years. Court below refused to give requested instruction to jury that "they cannot find him guilty if they believe from the evidence that she stated to him she was 12 years old and that he had reasonable cause to believe that she was 12 years old." Refusal affirmed. "The offense of having carnal knowledge of a female under twelve years

of age is entirely independent of and unaffected by any consent of hers, or any statement of hers to him in regard to her age, or any belief, or reasonable cause of belief, on his part that she was twelve years old. If he chose to have carnal connection with a female, he must do the act at his peril in regard to her being under the age of twelve years."

In *Heath* v. *State*, 90 N. E. 310, 312 (Ind. 1910), the conviction of the defendant for rape upon a child under fourteen years was affirmed. "The girl's appearance and misrepresentation of her age and his good faith and belief that she was above the age of consent could have no weight upon the question of guilt or innocence, although they might, under the old procedure, go in mitigation of the penalty. The law absolutely forbids carnal intercourse with a child under 14 years of age, and no belief respecting the age of the girl, however well founded, will excuse the transgressor if at the time of the sexual act she is in fact within the prohibited age."

In *Edens* v. *State*, 43 S. W. 89 (Tex. 1897), the conviction of defendant was upheld even though the child appeared to be of age and had consented. The court said: " 'Where the offense is in having connection with a child under the age of consent, belief on the part of the defendant that she was over the age of consent, and that therefore, consent on her part would prevent the act from being criminal, cannot be shown. Connection with a child under the age of consent being criminal, one who has connection with a female which would, in any event, be unlawful, must know at his peril whether her age is such as to make the act a rape.' * * * Bish. St. Crimes, § 490."

Although the question of jurisdiction has not been raised by either party, this court has ruled that where it has no jurisdiction of an appeal it will itself raise the jurisdictional question. (*Francone* v. *McClay*, 40 Haw. 475.)

Under territorial statutes relating to appeal and error there is no specific provision whereby the Territory after an acquittal may appeal to the supreme court upon exceptions in a criminal case although there is a statute granting appeals by way of writ of error to the Territory in certain types of criminal cases. By section 9552, Revised Laws of Hawaii 1945 (now chapter 212, section 2, Revised Laws of Hawaii 1955), a writ of error may be taken by and on behalf of the Territory from the district or circuit courts to the supreme court in criminal cases in the following instances:

From an order or judgment quashing, setting aside or sustaining a demurrer to, any indictment or information or any count thereof;

From an order or judgment, sustaining a special plea in bar, where the defendant has not been put in jeopardy;

From an order arresting judgment;

From a ruling on a question of law adverse to the Territory where the defendant was convicted and appeals from the judgment;

From the sentence, on the ground that it is illegal; *provided that no writ of error shall be taken by or allowed the Territory in any case where there has been a verdict in favor of the defendant.*

Should the general language of section 9531, Revised Laws of Hawaii 1945, relating to bills of exception be construed to give the Territory the right of appeal to the supreme court on exceptions in criminal cases after an acquittal of the accused by verdict of the jury?

Obviously, to allow the Territory an appeal after an acquittal by verdict and permit the defendant to be retried would place an unconstitutional construction on the statute and the courts will not so construe the words of a statute if possible to avoid it. While this court has ruled that no person may take advantage of the unconstitutionality of

the Act unless he raises the question of the constitutionality *in limine* (*Territory* v. *Tsutsui,* 39 Haw. 287), yet it has also ruled it will itself raise the question of jurisdiction on its own motion where it has no jurisdiction. (*Francone* v. *McClay, supra.*)

In United States Courts under the Fifth Amendment, in common-law jurisdictions, and in state jurisdictions where there are constitutional provisions against double jeopardy for the same offense, a judgment of acquittal in a criminal case may not be reversed by an appellate court. In a few jurisdictions where there are no constitutional limitations against double jeopardy, an appeal is allowed from the judgment on acquittal for the purpose of reversal and a new trial. Some States permit a writ of error on appeal in a criminal case after acquittal, not to afford an opportunity for a new trial after an acquittal but to point out errors in the proceedings and by so doing to obtain an authoritative exposition of the law to be followed in the future by the courts. (*State* v. *Spahr,* 117 N. E. 648.)

The inhibition of the Fifth Amendment to the United States Constitution that no "person be subject for the same offence to be twice put in jeopardy" applies to the courts of Hawaii as they are agencies set up by the Congress for the government of the Territory. (*Farrington* v. *Tokushige,* 273 U. S. 284.)

The territorial statutes relating to appeals, writs of error and exceptions nowhere purport to allow an appellate court to review a criminal case where there has been a verdict of acquittal of the defendant, and even if the statute purported to give such an appeal it would be unconstitutional as violating the Fifth Amendment to the United States Constitution.

While the trial judge should have given the instruction requested by the Territory, namely, that it was immaterial whether the defendant knew or did not know that the

victim of the sexual intercourse was a minor, and should not have given that requested by defendant, yet in view of the fact that a verdict of acquittal in a criminal case may not be reversed by a territorial court and thereby put the defendant twice in jeopardy, the Territory has no remedy to correct such errors except as to future cases.

Exceptions overruled and judgment sustained.

*Benjamin Menor,* Deputy County Attorney, County of Hawaii, Territory of Hawaii, for plaintiff-appellant.

*Maurice Sapienza* for defendant-appellee.