## TERRITORY OF HAWAII *v.* BARTOLOME AGCAOILI GUILLERMO.

### No. 4053.

SUBMITTED OCTOBER 21, 1958.             DECIDED OCTOBER 27, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In this case the defendant was indicted in the first circuit of the Territory of Hawaii, tried by a jury, convicted and sentenced on a charge of having sexual intercourse with a female under the age of sixteen years and not his lawful wife. The case was duly brought to this court upon writ of error.

The main claim of error (Assignment of Error No. II) is that the trial judge erred in instructing the jury that in a prosecution for an alleged offense of sexual intercourse with a female under sixteen it is immaterial in determining the question of defendant's innocence or guilt of the offense charged whether or not he knew the girl involved was under the age of sixteen years or if he believed she was over the age of sixteen.

This point was passed upon and fully discussed in *Territory* v. *Delos Santos,* 42 Haw. 102, which held:

> "In a prosecution for contributing to the delinquency of a minor female child by having sexual intercourse with such child, it is immaterial that defendant did not know that the child was a minor."

As to the question of knowingly or wilfully performing the criminal act, this case stated:

> "The words 'knowingly or wilfully' as used in the statute relating to the doing of an act that contributes to the delinquency of a minor, is 'knowingly or wilfully' having sexual intercourse with the minor even though the defendant did not know the age of the minor or might have had reason to believe that she was of the age of consent."

In that case this court stated:

> "Both reason and the overwhelming weight of authority support the rule that the belief by the defendant that the female was over the age and had full power to consent to intercourse while in fact she was under age constitutes no defense for violating an act protecting female children. (1 Wharton, *Criminal Law,* §§ 713-714.) And this is true even though the defendant used reasonable care to ascertain the female's age. * * *"

Numerous cases are cited in *Territory* v. *Delos Santos, supra,* which are unnecessary to enumerate in the present case. These authorities point out that the act of intercourse with a minor, and not the defendant's knowledge or belief of her maturity, is the determining factor; in intentionally committing the act of intercourse, an unlawful and immoral act in itself, he acts at his peril and must suffer the consequences if the girl is under the age of consent. This is true even though the girl misrepresented her age and her appearance is that of an adult. (*Lawrence* v. *Commonwealth,* 30 Gratt 845 [Va.]; *Heath* v. *State,* 90 N. E. 310, 312 [Ind.]; *Edens* v. *State,* 43 S. W. 89 [Tex.].)

"The girl's appearance and misrepresentation of her age and his good faith and belief that she was above the age of consent could have no weight upon the question of guilt or innocence, although they might, under the old procedure, go in mitigation of the penalty. The law absolutely forbids carnal intercourse with a child under 14 years of age, and no belief respecting the age of the girl, however well founded, will excuse the transgressor if at the time of the sexual act she is in fact within the prohibited age." (*Heath* v. *State,* 90 N. E. 310, 312.)

"The offense of having carnal knowledge of a female under twelve years of age is entirely independent of and unaffected by any consent of hers, or any statement of hers to him in regard to her age, or any belief, or reasonable cause of belief, on his part that she was twelve years old. If he chose to have carnal connection with a female, he must do the act at his peril in regard to her being under the age of twelve years." (*Lawrence* v. *Commonwealth,* 30 Gratt 845.)

Counsel has assigned as error certain charges (Assignments of Error Nos. I and IV) to which exception was not taken in the court below.

"The general rule, subject to certain limitations and exceptions hereinafter noted, is that an appellate court will consider only such questions as were raised and reserved in the lower court. This rule is based upon considerations of practical necessity in the orderly administration of the law and of fairness to

the court and the opposite party, and upon the principles underlying the doctrines of waiver and estoppel." (3 Am. Jur., *Appeal and Error*, § 246, pp. 25-27.)

Counsel's first assignment of error, to which no exception was taken below, is that the court erred in instructing the jury that the complaining witness'. prior lack of chastity "should not be considered in your determination." The argument is that this lack of chastity should be considered by the jury in determining the question of the credibility of such witness. As a matter of fact, this point was covered in the Territory's Instruction No. 3, the first paragraph of which reads as follows:

> "In this case evidence has been offered and received tending to show the complaining witness' want of chastity prior to the date of the offense charged in the indictment. You are not to understand from this that the offense of Sexual Intercourse with a Female Under Sixteen cannot be committed on a girl of bad moral character. This evidence is to be considered only as affecting her credibility as a witness."

This alleged error is without merit.

Appellant's third alleged error is that the lower court in its instruction to the jury stated that defendant's lawyer misstated the evidence and this deprived defendant of a fair trial. Here, again, no exception was taken to any such alleged instruction and as a matter of fact the trial judge in instructing the jury did not say the defendant's lawyer misstated the facts, but said:

> "You will exclude from your recollection any remark that I may have made in passing upon any motion that was presented or in ruling upon any evidence in the case; disregard likewise any statement or argument of the lawyers where they may have misstated the evidence as you recollect it falling from lips of the witnesses upon the witness stand."

This is merely a portion of the court's stock instruction that the jury is the judge of the credibility of the witnesses, etc.

Another alleged error relative to an instruction, to which no exception was taken at the time it was given, complains of that portion of the judge's instruction which said the only issue was the "guilt or innocence of the defendant." This, of course, is only a portion of the judge's instruction and the words "guilt" or "innocence" are used in many instructions without being considered error. (*Adams* v. *State,* 194 Ind. 512, 141 N. E. 460; *Fuerstenberg* v. *State,* 201 Wis. 574, 230 N. W. 628, 629; *People* v. *Murphy,* 239 Mich. 60, 214 N. W. 165, 166.)

5 Reid's, *Branson Instructions to Juries,* 3rd ed., (1936), states:

"* * * The court has endeavored to rightly advise you in the law, and now there confronts you the final and important duty of pronouncing upon the guilt or innocence of the defendant. * * *" (§ 3446, p. 271.)

"(2) Having carefully considered all of the evidence in the case, you will come to the conclusion as to the guilt or innocence of the accused and announce such conclusion by your verdict. * * *" (§ 3445, p. 267.)

"(3) You have nothing to do in this case with the question of punishment. You have only to determine the question of the guilt or innocence of the defendant. * * *" (§ 3467, p. 294.)

We find no error in any of the rulings or instructions given by the court below.

Affirmed.

*Oliver P. Soares* for defendant-plaintiff in error.

*Francis T. De Mello,* Assistant Public Prosecutor, for plaintiff-defendant in error.