STATE OF HAWAII, Plaintiff-Appellee, *v.* GEORGE
RALPH SILVA, Defendant-Appellant

No. 5064

December 21, 1971

RICHARDSON, C.J., MARUMOTO,
ABE, LEVINSON, AND KOBAYASHI, JJ.

*Per Curiam.* The appellant was convicted of a charge of
sexual intercourse with a female under the age of sixteen
years, HRS § 768-21. At a trial by jury the appellant sought
to raise the defense of reasonable mistake of fact (as to the
age of the female) as a question for the jury to consider.
The trial court refused to give an instruction on this issue.

On appeal, appellant strongly urges upon this court that
the better rule of law is to allow a defense of a mistake of
fact concerning the age of the prosecutrix. In support of this
position appellant cites the case of *People v. Hernandez*, 61
Cal. 2d 529, 393 P.2d 673, 39 Cal. Rptr. 361 (1964). In
*Hernandez* the California Supreme Court, overruling its for-
mer decisions, held that a reasonable belief that the victim
was over the age of consent was a defense in a prosecution
for statutory rape.

Since the *Hernandez* decision it appears that no other
jurisdiction has made a judicial departure from the prevail-
ing view that in a case involving statutory rape it is the doing
of the act that is criminal and not the bad intent of the
perpetrator.

Several jurisdictions have, subsequent to the decision in

*Hernandez*, specifically rejected the rationale of the California court. These decisions ·adhere to the rule that when statutory rape is charged, the defendant's reasonable belief as to the knowledge of the girl's age is immaterial. *State v. Superior Court of Pima County*, 104 Ariz. 440, 454 P.2d 982 (1969); *State v. Moore*, 105 N.J. Super. 567, 253 A.2d 579 (1969); *State v. Fulks*, 83 S.D. 433, 160 N.W.2d 418 (1968).

HRS § 768-21 has been construed as negating any element of criminal intent. We disagree with appellant that this rationale should be overturned. Our reasons are well stated in *Territory v. Delos Santos*, 42 Haw. 102, 104-108 (1957). The reasoning of *Delos Santos* has been reaffirmed by those decisions repudiating the result reached by the California court in *Hernandez*.

> The offense here is of that class which, by reason of an unbroken line of judicial holdings, it can be said that the statute denounces the mere doing of the act as criminal, regardless of whether the perpetrator had a bad mind, the generalized intent to engage in a course of criminal conduct. Second degree rape is a recognized judicial exception to the general rule that a mistake of fact is a defense to the charge:
>
> > 'This [unlawful sexual intercourse with a girl under the age of consent] seems to be at variance with the familiar "reasonable mistake of fact" doctrine, but it is a recognized exception due to the fact that what was done would have been unlawful and highly immoral even under the facts as the offender supposed them to be.' Perkins on Criminal Law, 1957, p. 127.
>
> We need go no further. We do not think the predatory nature of man has changed in the last decade. If mistake of fact is to be the standard of permissive conduct, the legislature is the appropriate forum to indulge in that decision. *Superior Court of Pima County, supra,* 454 P.2d at 985.

The other issues raised by appellant are lacking in merit.

Judgment of the trial court is affirmed.

*John S. Edmunds* (*Brook Hart*, Public Defender, and *Richard L. Rost*, Deputy Public Defender, with him on the brief), for defendant-appellant.

*Richard D. Wurdeman*, Deputy Prosecuting Attorney (*Barry Chung*, Prosecuting Attorney, with him on the brief), for plaintiff-appellee.

CONCURRING OPINION OF ABE, J.

The defendant contends that the "English courts have recognized mistake of fact as a defense in criminal prosecutions since 1638 Levett's Case, reported in Cook's Case, Cro. Car. 537, 538, 79 Eng. Rep. 1063, 1064 (K.B. 1639)." He also argues that mistake of fact has been recognized as a common law defense premised on lack of *mens rea*, on the principle that where an accused based his action on the existence of certain facts, which if they existed would render the act innocent, such act should be deemed innocent.

I do not have any quarrel with the statement and principle stated above. However, is the principle applicable here?

In a hypothetical case where A and B go on a hunting expedition and A shoots and kills B, and A is charged with premeditated homicide or murder, A's defense that he shot a moving object behind some shrubbery thinking it to be a wild pig, which in fact was B, would be valid.

However, assuming that A steals a diamond ring valued at $1,000 from B and is charged with larceny first degree— the offense of stealing an article valued at more than $100 —A's defense that he thought that the diamond was an imitation diamond valued at $50 should not be a valid defense to the charge of larceny first degree.

Under our statute, it is a criminal offense for a man to have sexual intercourse with a female not his wife.[1] Thus, it appears to me that the defendant when he had sex relations

---

[1] HRS § 768-13 adultery with a married woman, not his wife.
HRS § 768-17 fornication with an unmarried woman.

with the female in this case knew or should have known that he was by his act committing a criminal offense. The age of the consenting female only determined the gravity of the offense. Here the mistake as to the age of the female is analogous to the mistaken opinion as to the value of the ring in the hypothetical larceny case.

Under the status of our law on sex offenses, I am compelled to agree that mistake of fact as to age of the consenting female is not a valid defense and, therefore, I concur with the majority of this court in affirming the judgment of the trial court.

#### DISSENTING OPINION OF LEVINSON, J.

This court, in *Territory v. Delos Santos,* 42 Haw. 102, 106 (1957), quoted with approval the language used by a text writer in 1883 and 1901 (Bishop, *Statutory Crimes* § 490, 2d ed. and 3d ed.) and in the 19th Century California case *(People v. Ratz,* 115 Cal. 132, 46 P. 915, 916 (1896)) that when a male violated " 'the laws of morality and the good order of society' " by an act of sexual intercourse with a female not his wife, he could not avoid liability for his " 'crime too infamous to bear discussion' " by urging his belief that " 'the victim of his outrage' " was not an " 'infant' " but was above the statutory age of consent. Because I believe that the use of *Delos Santos* as a barrier to the result dictated by *People v. Hernandez,* 61 Cal. 2d 529, 39 Cal. Rptr. 361, 393 P.2d 673 (1964) is compounding error upon error, I must respectfully dissent from the Opinion of the Court. My dissent, however, like the departure in *Hernandez* from the views expressed in *Ratz* "is in no manner indicative of a [disagreement with] the sound policy that it is in the public interest to protect the sexually naive female from exploitation." 61 Cal. 2d at 536, 39 Cal. Rptr. at 365, 393 P.2d at 677.

The common law "principle that it is not conduct alone but conduct accompanied by certain specific mental states which concerns, or should concern the law" is, to say the least,

"primordial." *People v. Hernandez*, 61 Cal. 2d 529, 532, 39 Cal. Rptr. 361, 363, 393 P.2d 673, 675 (1964). A mistaken belief in facts which if they did exist would render an act innocent, negates the requisite *mens rea* (the state of mind required to establish an element of the offense) and constitutes a defense in criminal prosecutions. *See Levett's Case*, reported in *Cook's Case*, Cro. Car. 537, 538, 79 Eng. Rep. 1063, 1064 (K.B. 1639). This court has recognized the "rule allowing a defense to a crime considered *malum in se* because of a mistake of fact . . . subject to the qualification that the mistake must not be due to the negligence or carelessness of the defendant." *State v. Dizon*, 47 Haw. 444, 461, 390 P.2d 759, 769 (1964).[1] In contrast, it is the general rule that "public welfare" or *mala prohibita* offenses, such as illegal sales of adulterated food or misbranded goods and violations of motor vehicle laws, are punishable irrespective of the actor's state of mind.[2] But where a statute is silent as to the degree of *mens rea* required to establish a material

---

[1]Hawaii Penal Code § 218(1) (Proposed Draft, 1970) would allow ignorance or mistake of fact as a defense if "the ignorance or mistake negatives the state of mind required to establish an element of the offense." Thus, the Code represents a departure from previous Hawaii law in that a reckless mistake would afford a defense to a charge requiring intent or knowledge and a negligent mistake would afford a defense to a charge predicated on intent, knowledge, or recklessness. *Id.*, § 218, Commentary.

[2]*See* Sayre, *Public Welfare Offenses*, 33 Colum. L. Rev. 55, 83-84 (1933):

(5) The line distinguishing offenses which do and those which do not require *mens rea* in the absence of statutory direction depends upon (a) the character of the offense, and (b) the nature of the penalty involved in its violation. In general, offenses not requiring *mens rea* are the minor violations of laws regulating the sale of intoxicating liquor, impure or adulterated food, milk, drugs or narcotics, criminal nuisances, violations of traffic or motor-vehicle regulations, or of general police regulations passed for the safety, health, or well-being of the community and not in general involving moral delinquency.

. . . .

(7) With respect to public welfare offenses involving light penalties the abandonment of the classic requirement of *mens rea* is probably a sound development. But courts should scrupulously avoid extending the doctrines applicable to public welfare offenses to true crimes. To do so would sap the vitality of the criminal law.

*See also*, Myers, *Reasonable Mistake of Age: A Needed Defense to Statutory*

element of an offense punishable at common law,[3] and considered an "inherent" wrong, it should be assumed in the absence of an unambiguous legislative directive to the contrary that the common law *mens rea* requirement still exists.[4] "[T]he rule is well established that when a statute punishes some act which was a crime at common law, and the statute defines the act in general terms, resort may be had to the common law to ascertain the meaning of the statute." *Territory v. Scully,* 22 Haw. 618, 629 (1915). *See* Myers, *Reasonable Mistake of Age: A Needed Defense to Statutory Rape,* 64 Mich. L. Rev. 105, 112 (1965). HRS § 768-21 is utterly devoid of any legislative statement of intent to impose strict liability.

The majority is correct in stating that the "prevailing view" of American courts is that "in a case involving statutory rape it is the doing of the act that is criminal and not the bad intent of the perpetrator," and that "when statutory rape is charged, the defendant's reasonable belief as to the knowledge of the girl's age is immaterial."[5] With all

---

*Rape,* 64 Mich. L. Rev. 105, 114 (1965) (footnote omitted):

However, the existence of strict liability in the public welfare offenses is not a persuasive argument in favor of strict liability for statutory rape. The underlying situations are not even analogous, because statutory rape cannot be considered a public welfare offense. In contrast to statutory rape, which descends from the common law, the public welfare offenses are *new* crimes, created solely by legislative enactments in the nature of police regulations. Moreover, these offenses are not strictly criminal, even though traditional criminal sanctions are relied upon, since the primary purpose of the legislature is neither punishment nor correction, but rather regulation.

[3]Of course, HRS § 1-1 provides that "no person shall be subject to criminal proceedings except as provided by the written laws of the United States or of the State."

[4]This "basic norm" has been accepted by the American Law Institute as the "common law position," Model Penal Code § 2.02, Comment (Tent. Draft No. 4, 1955), and has been incorporated into § 2.02(3) (Proposed Official Draft, 1962) of the Code:

(3) *Culpability Required Unless Otherwise Provided.* When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts purposely, knowingly, or recklessly with respect thereto.

[5]That this view by no means "prevails" among the scholars is illustrated by

due respect, I submit that the "prevailing view" is bad law. It stems from *Regina v. Prince,* L.R. 2 Cr. Cas. Res. 154 (1875), a prosecution for abduction (a misdemeanor), in which it was held that the defendant's reasonable and honest belief as to the girl's age did not exculpate him. *Prince* was, however, legislatively overruled by the Criminal Law Amendment Act, 1885, 48 & 49 Vict. c. 69, § 7, and "reasonable mistake of age has never been denied as a defense in an English statutory rape case." Myers, *Reasonable Mistake of Age, supra* at 110. That American courts have syncretized such a repudiated judicial aberration is "an unjustified quirk of legal history." *Id.* at 111. Professor Hall has asserted that "judicially constructed strict liability . . . . in mid-twentieth century criminal law is an anachronism; it stands as the major bar to rational solution of important social problems." Hall, *General Principles of Criminal Law* 342-43 (1947).

---

the flood of approval which the law reviews accorded the *Hernandez* decision. *E.g.,* 17 Ala. L. Rev. 101, 104-05 (1964); 7 Ariz. L. Rev. 324, 328 (1966); 14 De Paul L. Rev. 449, 453 (1965); 33 Geo. Wash. L. Rev. 588, 594 (1964); 78 Harv. L. Rev. 1257, 1259-60 (1965); 50 Iowa L. Rev. 628, 635 (1965); 5 J. Fam. L. 107, 113-14 (1965); 50 Minn. L. Rev. 170, 179, 181 (1965); 36 Miss. L. J. 254, 256 (1965); 43 N.C. L. Rev. 424, 434-35 (1965); 17 Stan. L. Rev. 309, 313 (1965); 16 Syracuse L. Rev. 148, 150 (1964); 37 U. Col. L. Rev. 295, 297 (1965); 18 Vand. L. Rev. 244, 249 (1964); 67 W. Va. L. Rev. 149, 150 (1965).

Nor does the view prevail with the Judicial Council of Hawaii, under whose auspices the proposed draft of the Hawaii Penal Code was propounded. Hawaii Penal Code § 731 (Proposed Draft, 1970) provides in pertinent part:

(1) A male commits the offense of rape in the second degree if:

. . .

(b) he intentionally engages in sexual intercourse with a female whom he *knows* is less than 12 years old. (Emphasis added.)

The Commentary on §§ 730-732 (footnotes omitted) includes the following:

The Code's provisions dealing with a victim under 12 years old is in accord with the lower limit of the age of effective consent under previous Hawaii law. Formerly, in Hawaii, as in many jurisdictions which have not undergone recent revisions of their criminal laws, the actor was held strictly liable with respect to the victim's age. Such strict liability runs contrary to the general principles of penal liability set forth in Chapter 2, which require a culpable state of mind with respect to each element of an offense. . . .

Prior Hawaii law penalized as a ten-year felony any intercourse with a female under 16 years old, and, as a life offense, the "carnal abuse" of a

The majority's theory of strict liability rests in substance upon two grounds: 1) that the criminal act in question is the sexual intercourse itself and that if the appellant intended the intercourse, he acted at his peril, and his belief as to the age of the girl is therefore immaterial;[6] 2) that since " 'what was done would have been unlawful and highly immoral even under the facts as the offender supposed them to be,' " the appellant is somehow estopped from asserting that, rather than statutory rape, he merely intended an act of fornication.

Professor Williams has pointed out the artificiality of the majority's "act doctrine":

The argument is that not all the elements that have been assumed . . . to form part of the *actus reus* should as a matter of law be included for the purpose of applying the requirement of *mens rea*. In *Prince* the "act" was abducting the girl from her parents. Her age was no part of this act. Consequently, although the requisite *mens rea*

female under 12 years old. The Code's choice of "12 years old" as the critical age for the offense of rape in the first and second degrees is based on the desire to choose the more realistic of pre-existing age criteria. Informed estimates of the average onset of puberty in females suggest that a more realistic age would be 10 years. It is felt that before the onset of puberty, such conduct is both more likely to severely traumatize the child, and more indicative of a significantly disturbed actor, than when the female is capable of sexual response. However, in view of individual differences, the Code maintains the age of 12 in an exercise of caution. . . .

Hawaii Penal Code § 218(1) (Proposed Draft, 1970), *supra* note 1, allows mistake of fact as a defense. *See also*, Model Penal Code § 213.6(1) (Proposed Official Draft, 1962), allowing reasonable mistake of age as a defense "[w]hen criminality depends upon the child's being below a critical age other than 10 . . . ."

[6]The theoretical underpinning of this approach is analyzed and aptly criticized in Comment, *Forcible and Statutory Rape: An Exploration of the Operation and Objectives of the Consent Standard*, 62 Yale L. J. 55, 76 (1952) (footnotes omitted):

A popular conception of a girl's sexual indulgence or virginity as a "thing" of social, economic, and personal value explains, in part, the law's concern with her capacity to "understand." An "unwise" disposition of a girl's sexual "treasure," it is thought, harms both her and the social structure which anticipates certain patterned uses. Hence, the law of statutory rape must intervene to prevent what is predicted will be an unwise disposition. And prevention is sought not by penalizing the "naive" girl but by

must be discovered in relation to the act of abduction, it need not be discovered in relation to the girl's age.

. . . It seems clear that the argument involves drawing an extremely artificial line, and that it cannot be drawn without introducing the greatest uncertainty into a rule requiring *mens rea.* The only satisfactory rule is to say that the "act" for legal purposes means not the mere muscular contraction but the surrounding circumstances as well, so far as required by the offense charged. Prince did not know that the girl was under sixteen, so he did not know that he was doing the act (in all its complexity) forbidden by the statute. . . .

Williams, *Criminal Law* 187 (1961). Knowledge of or intent to perform a criminal "act" in all "the surrounding circumstances . . . required by the offense charged" is part and parcel of the *mens rea* requirement. My Brother Abe's observation that the "age of the consenting female only determined the gravity of the offense" merely restates the problem.

There are at least three responses to the proposition that because the appellant may have been aware that he was committing an act of fornication, he therefore had sufficient

---

sanctioning the male, who is always assumed to be responsible for the occurrence.

The assumption that age alone will bring an "understanding" of the sexual act is of doubtful validity. Both actual sexual experience and learning from the cultural group to which the girl belongs will determine her level of comprehension. The sexually experienced fifteen year old may be more acutely aware of the implications of sexual intercourse than her sheltered cousin who is above the age of consent. And a girl who belongs to a group whose members regularly indulge in sexual intercourse at an early age, is likely to acquire rapidly an insight into the rewards and penalties her group will award to different sexual choices. Thus, "wisdom" in the disposition of her sexual favors is likely at an early age, although her behavior may not be "wise." when judged by the moral codes of other groups. . . .

*See also,* People v. Hernandez, 61 Cal. 2d 529, 534, 39 Cal. Rptr. 361, 364, 393 P.2d 673, 676 (1964), n.3, quoting Ploscowe, *Sex and the Law* 184-85 (1951):

"When the law declares that sexual intercourse with a girl under the age of ten years is rape, it is not illogical to refuse to give any credence to the defense, 'I thought she was older, and I therefore did not believe

criminal intent to justify conviction of statutory rape.

First, it does not follow logically "that a man intending one crime can be convicted of any other crime, however grave, though he has not the *mens rea* required for that crime." Williams, *supra* at 194. This principle is given recognition both in Hawaii Penal Code § 219 (Proposed Draft, 1970) and Model Penal Code § 2.04(2) (Proposed Official Draft, 1962), which provide that:

> Although ignorance or mistake would otherwise afford a defense to the offense charged, the defense is not available if the defendant would be guilty of another offense had the situation been as he supposed. In such case, however, the ignorance or mistake of the defendant shall reduce the grade and [class or] degree of the offense of which he may be convicted to those of the offense of which he would be guilty had the situation been as he supposed.

Thus, if the appellant is able to satisfy the trier of fact that he reasonably believed that the girl was over the age of 16 years and that she consented to the act of intercourse, he should, at most, be convicted of fornication, which is punishable by as little as a $15 fine. It is significant, however, that neither Code proscribes fornication.

Second, although fornication presently remains technically a crime it is not treated criminally. Hawaii is no exception to the generalization that "American penal laws against

---

that I was committing a crime when I had sexual intercourse with her.' . . . But when age limits are raised to sixteen, eighteen, and twenty-one, when the young girl becomes a young woman, when adolescent boys as well as young men are attracted to her, the sexual act begins to lose its quality of abnormality and physical danger to the victim. Bona fide mistakes in the age of girls can be made by men and boys who are no more dangerous than others of their social, economic and educational level. . . . Even if the girl looks to be much older than the age of consent fixed by the statute, even if she lies to the man concerning her age, if she is a day below the statutory age sexual intercourse with her is rape. The man or boy who has intercourse with such girl still acts at his peril. *The statute is interpreted as if it were protecting children under the age of ten.*" (Emphasis added.) (Ploscowe, Sex and the Law (1951) at pages 184 and 185).

illicit intercourse are generally unenforced." Model Penal Code § 207.1, Comment (Tent. Draft No. 4, 1955). My research has indicated that of 594 prosecutions in the Hawaii circuit courts for violations of the sex laws between January 1, 1967 and September 30, 1971, not one was for fornication.[7] Of 2120 similar prosecutions in the district court of Honolulu during the same period (excluding April, 1971, the statistics for which were unavailable), not a single one was for violation of the fornication statute.[8]

Third, I believe that HRS § 768-17, which proscribes "sexual intercourse between an unmarried man and an unmarried woman," may be an unconstitutional application of the State's police power and a violation of Article I, Section 5 of the Hawaii Constitution, which provides that the "right of the people to be secure in their persons . . . against unreasonable . . . invasions of privacy shall not be violated. . . ." and, perhaps, of the Ninth Amendment of the United States Constitution. It is "inappropriate for the government to attempt to control behavior that has no substantial significance except as to the morality of the actor." Model Penal Code § 207.1, Comment (Tent. Draft No. 4, 1955). In *State v. Lee,* 51 Haw. 516, 521, 465 P.2d 573, 577 (1970), this court declared, subject to an exception not material here, that:

> We start from the proposition that where an individual's conduct, or a class of individuals' conduct, does not di-

[7]Admittedly, HRS § 768-17 is a misdemeanor and prosecutions under it would have been heard in the circuit courts only on appeal from a district court proceeding or if a jury trial were demanded.

[8]While I express no view as to the propriety of sexual intercourse between unmarried persons, it is significant that such behavior is widespread. *See,* Model Penal Code § 207.1, Comments n. 28 (Tent. Draft No. 4, 1955), citing Kinsey, Pomeroy and Martin, *Sexual Behavior in the Human Male* 549-52 (1st ed. 1948):

> . . . Kinsey reports the following percentages of premarital intercourse among males: Grade school education or less, 98%, high school education, 84%, college education, 67%.

The absence of fornication prosecutions may well reflect an awareness on the part of the State that to embark upon a vigorous program of such prosecutions would overwhelm the judicial system.

rectly harm others the public interest is not affected and is not properly the subject of the police power of the legislature.

The remarks of my Brother Abe, dissenting in *Lee,* are also most instructive:

> . . . I believe this principle or concept that a state may determine what is in one of its citizen's "best interest" and may compel him to follow that course of action under pain of criminal punishment, unreasonably infringes upon one's fundamental liberty. My opinion is that a state may only legislate where the "general welfare" is affected, that is, where others are harmed or likely to be harmed.
>
> I believe the right of liberty—the right to be let alone —gives one the right to determine for himself what is for his "best interest," even though many scholars have argued that there is ". . . a general decline in the belief that individuals know their own interests best, and . . . an increased awareness of a great range of factors which diminish the significance to be attached to an apparently free choice or . . . consent."

*State v. Lee, supra,* 51 Haw. 516, 526-27, 465 P.2d 573, 579 (1970) (dissenting opinion) (footnote omitted). *See, Griswold v. Connecticut,* 381 U.S. 479 (1965) and *Stanley v. Georgia,* 394 U.S. 557 (1969).

In my opinion, therefore, the denial of a defense of mistake as to age in a statutory rape prosecution cannot properly be grounded in the existence of a fornication statute.

It is time for us to reject *Territory v. Delos Santos,* 42 Haw. 102 (1957), which has been specifically singled out as a reaffirmation of "dogmatic judicial adherence" to "irrational doctrine." Myers, *Reasonable Mistake of Age, supra* at 106. For what it is worth, I submit that every word in *Delos Santos* regarding the defense of mistake as to age is dictum, since the *Delos Santos* court based its holding on the issue of double jeopardy. Moreover, *Delos Santos* involved a prosecution for contributing to the delinquency of a minor,

a misdemeanor punishable by a fine of not more than $200 and/or by imprisonment for not more than one year. We cannot say that this court would have been so quick to impose strict liability if the defendant had been subject to a possible 10 year prison term.[9] Four of the six cases upon which the *Delos Santos* court relied are clearly inapposite. *People v. Ratz*, 115 Cal. 132, 46 P. 915 (1896) and *People v. Griffin*, 117 Cal. 583, 49 P. 711 (1897) were explicitly overruled by *People v. Hernandez, supra.* In *State v. Houx*, 109 Mo. 654, 19 S.W. 35 (1892) and *Lawrence v. Commonwealth*, 30 Gratt. 845 (Va. 1878), the critical statutory age was 12, rather than 16 as in the present case.[10] The remaining two cases upon which the *Delos Santos* opinion was based are each over 60 years old. That is hardly a firm foundation for social policy in an area where significant changes are taking place so rapidly.

I agree that "[i]t is time to substitute knowledge of sex offenses for emotional fixations and to reform the rules . . . in light of sound principles of penal liability." Hall, *General Principles of Criminal Law* 342 (1947) (footnote omitted). The judicially construed strict liability which the courts have given the law of mistake, we are free to take away. I would reverse the judgment of the circuit court and remand for a new trial with instructions to grant the appellant's requested jury instruction.

[9] *See* note 2, *supra.*

[10] *See* People v. Hernandez, quoting Ploscowe, *Sex and the Law* 184-85, *supra* note 6.