LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

NO. 29948

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JUNIUS HANS, aka JOLIE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 06-1-2388)

JEAN R. KIKUMOTO
CLERK APPELLATE COURTS
STATE OF HAWAII

2010 JUN -2 AM 7:54

FILED

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

This case addresses the state of mind, or knowledge of a victim's age, required for conviction of sexual assault in the first degree under Hawaii Revised Statutes (HRS) § 707-730(1)(c) (Supp. 2009) (the statute).

Defendant-Appellant Junius Hans, also known as Jolie (Hans), appeals from the Judgment of Conviction and Sentence entered on June 23, 2009, by the Circuit Court of the First Circuit (circuit court).[1]

Hans was found by the jury to be guilty on two counts of Sexual Assault in the First Degree in violation of the statute, and not guilty of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(c). Hans was sentenced to twenty years of incarceration on each count, to be served concurrently, with credit for time served.

On appeal, Hans contends that (1) the circuit court erred by denying him the mistake of fact defense, and (2) the statute was unconstitutional. As to his first point of error, Hans contends that the circuit court erred in (a) granting the State's motion *in limine* to preclude Hans from raising any mistake of fact issue, (b) denying Hans' motion for judgment of acquittal, and (c) refusing to provide the jury with a mistake of fact instruction. As to his second point of error, Hans contends that the statute is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment of the U.S.

---

[1]    The Honorable Michael A. Town presided.

Constitution or article I, section 5 of the Hawai'i Constitution.

Upon careful review of the record and the briefs, arguments and issues submitted by the parties, we affirm the circuit court's judgment for the reasons discussed below.

I.   APPELLANT WAS NOT ENTITLED TO RAISE A MISTAKE OF FACT DEFENSE, AND THUS THE CIRCUIT COURT DID NOT ERR

Hans contends that the circuit court should have allowed him to argue mistake of fact regarding the victim's age as a defense at trial because, he claims, the State is required to prove that he had knowledge of the victim's age under the statute.   The circuit court was correct, however, in determining that the Hawai'i Supreme Court's decision in *State v. Buch*, 83 Hawai'i 308, 926 P.2d 599 (1996), precluded the mistake of fact defense under these circumstances.

First degree sexual assault occurs when the defendant "knowingly" engages in the act of sexual penetration with a person of fourteen or fifteen years of age, and who is at least five years younger and not married to the defendant:

> [a] person commits the offense of sexual assault in the first degree if . . . . [t]he person *knowingly* engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years; provided that . . . [t]he person is not less than five years older than the minor . . .   and [t]he person is not legally married to the minor.

Haw. Rev. Stat. §707-730(1)(c)  (emphasis added).

Hans argues that the "knowingly" requirement should apply to each element of the offense, but this is contrary to the supreme court's ruling in *Buch*.   In *Buch*, the supreme court considered the meaning of the word "knowingly" in a similarly worded subsection that defined third degree sexual assault:

> "[A] person commits the offense of sexual assault in the third degree if . . . . [t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person."

*Buch*, 83 Hawai'i at 309, n. 1, 926 P.2d at 600, n. 1 (quoting Haw. Rev. Stat. § 707-732(1)(b) (1993)).

The supreme court concluded that "[t]he legislative history unequivocally indicates that, where the age of the victim is an element of a sexual offense, the specified state of mind is

not intended to apply to that element." *Buch*, 83 Hawai'i at 316, 926 P.2d at 607. In sum, a defendant is responsible for knowing, and cannot defend on the basis of not knowing, the victim's age.

This result is consistent with the history of intent requirements concerning victims' ages in Hawai'i's sexual assault laws. Hawai'i courts have consistently held that knowledge regarding the victim's age is not required for a conviction under sexual assault statutes covering crimes against minors. *See State v. Silva*, 53 Haw. 232, 233, 419 P.2d 1216, 1217 (1971) (noting that the offense of statutory rape has long been held to denounce the mere doing of the act as criminal, regardless of the perpetrator's state of mind). Nothing in the law or the legislative history to the sexual offense statutes (HRS §§ 707-730, et. seq.) that has been amended since *Buch* was issued supports Appellant's contention that the legislature intended to make knowledge of the victim's age an element of the offense. Therefore, the circuit court did not err in granting the State's motion *in limine* precluding Hans from raising any mistake of fact issue, refusing to provide the jury with a mistake of fact instruction, or in denying Hans' motion for judgment of acquital.

II. APPELLANT'S CLAIM THAT THE STATUTE IS UNCONSTITUTIONAL WAS NOT PROPERLY PRESERVED OR PRESENTED

In his opening brief, Hans contends that the statute is unconstitutional under both the United States and Hawai'i Constitutions. As the Appellant himself observes, however, his constitutional arguments were not raised in the circuit court.

"Legal issues not raised in the trial court are ordinarily deemed waived on appeal." *Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co.*, 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002). We therefore decline to address the merits of the Appellant's constitutional claim. *See Molinar v. Schweizer*, 95 Hawai'i 331, 339, 22 P.3d 978, 986 (2001) (constitutional objection raised for the first time on appeal was not addressed because it was not properly raised in the trial court). *See also* Haw. R. App. Pro. 28(b)(4) (requiring a concise statement of the points of error, including where in the record the alleged error

was objected to or brought to the attention of the court or agency).

III. CONCLUSION

For the aforementioned reasons, the June 23, 2009 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 2, 2010.


On the briefs:

Dana S. Ishibashi
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge