132:(M) 53 Pa
18

[Crim. No. 186.   Department Two.—November 30, 1896.]

THE PEOPLE, Respondent, *v.* PHILIP RATZ, Appellant.

Criminal Law — Rape of Young Girl — Evidence—Proof of Age — Testimony of Girl.—Upon the trial of a person charged with the crime of rape, committed by having carnal intercourse with a young girl under the age of fourteen, the testimony of the girl as to her age is admissible; and the fact that her knowledge of her age was derived from statements of her parents, or from family repute, does not render her evidence inadmissible.

Id.—Entries in Family Bible — Authorship Immaterial — Testimony of Mother—Ignorance of Language.—Entries made in the family Bible are admissible to show the name of a child and the date of its birth, and the admissibility of the book does not depend upon proof of handwriting or authorship of the entries, but upon the fact that they are to be taken as assented to by the family in whose custody the book has been; and it is admissible upon mere proof that it is the family

Bible, and such proof may be given by the mother, notwithstanding the entries are in the English language, in which she can neither read nor write.

Id.—Belief of Defendant as to Age of Girl — Refusal of Instruction.—One who has carnal intercourse with a young girl, who is in fact under the age of consent, does so at his peril, regardless of whether he believed, or had reason to believe, that she was over the age of fourteen years; and, upon the trial of such an one for the crime of rape, it is proper to refuse an instruction that, if the defendant had reason to believe, and did believe, that she was over the age of fourteen years, then there was an absence of the necessary intent to constitute a crime, and that he should be acquitted.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  William T. Wallace, Judge.

The facts are stated in the opinion of the court.

*George Hayford,* for Appellant

*W. F. Fitzgerald, Attorney General,* and *W. H. Anderson, Assistant Attorney General,* for Respondent.

Henshaw, J.—The defendant was convicted of the crime of rape, in having had carnal intercourse with a female child under the age of fourteen years, and not his wife.  The intercourse was admitted.  The age of the child was a question in dispute.  It was conceded that the intercourse was not had through force or violence, so that if, at the time thereof, the child was over the age of fourteen years, the crime of rape was not committed.

The child herself testified to her age, as well as to the date of the intercourse.  Her evidence went to show that, at the time when Ratz carnally knew her, she was under the age of fourteen.  The evidence of the child was admissible.  A person's age may be proved by his own testimony, and the fact that knowledge of that age is derived from statements of the parents, or from family reputation, does not render it inadmissible. (*Hill* v. *Eldridge*, 126 Mass. 234; *Cherry* v. *State*, 68 Ala. 29; *Bain* v. *State*, 61 Ala. 75; Roscoe's Criminal Evi-

dence, *272.) The testimony of the mother of the child also went to prove the fact that, at the date in question, she was under the age of fourteen.

The mother, when on the witness stand, was shown a book, and testified that it was hers, and that it was her family Bible; that it contained the record of her family. This book contained, amongst other entries, the name of the child and the date of her birth. The mother testified that it was correct. Objection was made to the introduction of the record, by defendant, upon the ground that it appeared that the record was in English; that the mother did not know how to read or write English, and could not tell whether or not the record was correct.

The admissibility of the book did not depend upon proof of handwriting or authorship of the entries. It depended upon proof of the fact that it was the family Bible, which evidence was afforded by the testimony of the mother. As is well said in *Hubbard* v. *Lees*, L. R. 1 Ex. 255: " To require evidence of the handwriting or authorship of the entries [in a family Bible] is to mistake the distinctive character of the evidence, for it derives its weight, not from the fact that the entries are made by any particular person, but that, being in that place, they are to be taken as assented to by those in whose custody the book has been."

Appellant contends that, even though the child be shown to have been under the age of fourteen years, yet that, if the defendant had reason to believe, and did believe, that she was over the age of fourteen years, then there was an absence of the necessary intent to constitute a crime, and that he should be acquitted. He asked the court to give an instruction to the jury embodying this as a proposition of law. The proposed instruction was refused. The refusal is assigned as error.

The claim here made is not a new one. It has frequently been pressed upon the attention of courts, but in no case, so far as our examination goes, has it met with

favor. The object and purpose of the law are too plain to need comment, the crime too infamous to bear discussion. The protection of society, of the family, and of the infant, demand that one who has carnal intercourse under such circumstances shall do so in peril of the fact, and he will not be heard against the evidence to urge his belief that the victim of his outrage had passed the period which would make his act a crime.

In *People* v. *Fowler*, 88 Cal. 136, the defendant was charged with placing a girl, under the age of eighteen years, in a house of prostitution. The same claim here made was there urged; but it was said that one who violates the section acts at his peril, and cannot defend himself on the plea of ignorance as to the age of the child. The same principle was reannounced in *People* v. *Dolan*, 96 Cal. 315, where, under a similar charge, a like claim met with the same response.

The whole question is learnedly and elaborately discussed in *The Queen* v. *Prince*, L. R. 2 Crown Cas. 154. It was there proved that the defendant did take the girl, and that, at the time of her abduction, she was under sixteen years of age; but it was likewise proved that the defendant *bona fide* believed, and had reasonable ground for believing, that she was over sixteen.

The bench of sixteen judges, with but one dissenting voice, held that neither defendant's honest belief, nor the reasonable grounds afforded him for such belief, relieved him from the consequences of his act.

The judgment and order appealed from are affirmed.

McFARLAND, J., and TEMPLE, J., concurred.