**Don R. ANDERSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 271.

Supreme Court of Alaska.

Aug. 23, 1963.

Henry J. Camarot, McNealy, Merdes & Camarot, Fairbanks, for appellant.

Victor D. Carlson, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

# 670

NESBETT, Chief Justice.

The appellant, defendant below, was convicted of contributing to the delinquency of a child under the age of eighteen years by persuading her to engage in sexual intercourse with him.[1]

The second paragraph of the statute upon which the indictment was based, defines a delinquent child. Included among the various definitions is a child " * * * who is in danger of becoming or remaining a person who leads an idle, dissolute, lewd or immoral life * * * " and who " * * * takes part in or submits to any immoral act or conduct * * * ."

Appellant's first point is that since the statute fails to define the word "immoral", it is rendered so vague as to be unconstitutional under article I, section 11 of the Alaska Constitution[2] and the Sixth Amendment to the United States Constitution.

The identical question has already been resolved against appellant's contention by Alaska courts.[3] We agree with these authorities. A reading of the entire statute in context should leave no one in doubt as to the meaning of "immoral".

In any event, appellant has failed to show how the undefined use of the word "immoral" in the statute has prejudiced him.

1. The indictment was based on § 65-9-11 A.C.L.A.1949 which stated:
 "§ 65-9-11. Contributing to delinquency of child: Suspension of sentence: 'Delinquency' defined. Any person who shall commit any act, or omit the performance of any duty, which act or omission causes or tends to cause, encourage or contribute to the delinquency of any child under the age of eighteen years, or who shall by threats, command or persuasion, endeavor to induce any child to do or perform any act or follow any course of conduct which would cause such child to become a delinquent child, or who shall do any act which manifestly tends to cause any child to become a delinquent child, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for not more than two years nor less than one year, or by imprisonment in the federal jail for not more than one year nor less than one month, or by fine of not more than one thousand dollars nor less than one hundred dollars, or by both such fine and imprisonment. Provided, however, that the court may suspend the execution of sentence for a violation of the provisions hereof, and impose conditions as to conduct in the premises of any person so convicted and make suspension depend upon the fulfillment by such person of such conditions and in case of the breach of such conditions, or any thereof, the court may order the defendant arrested and placed in the custody of the marshal as though there had been no suspension.
 "For the purposes of this Act any child under the age of eighteen years who violates any law of the United States, or

of the Territory, or any city or town ordinance; or who is incorrigible, either at home or in school, or who knowingly associates with thieves, vicious or immoral persons, or who, without just cause and without the consent of its parents, or custodians, absents itself from home or its place of abode, or who is in danger of becoming or remaining a person who leads an idle, dissolute, lewd or immoral life or who knowingly frequents a house of ill repute; or who knowingly frequents any place where any gaming device is operated; or who patronizes or visits any public pool room, or who wanders about the streets in the night time without being on any lawful business or occupation, or who habitually wanders about any railroad yards or tracks, or who habitually uses vile, obscene, vulgar, profane, or indecent language, or who is guilty of or takes part in or submits to any immoral act or conduct; or who is addicted to the habitual use of intoxicating liquor or any drug, shall be deemed a delinquent child. [L 1929 ch 103, § 1, p 246; am L 1933, ch 33, § 1, p 72; CLA 1933, § 4931; am L 1935, ch 29, § 1, pp 80, 81.]"
 The provisions of this section are now contained in AS 11.40.130–11.40.150.

2. The applicable portion of art. I, § 11 states: "The accused is entitled to be informed of the nature and cause of the accusation * * * ."

3. United States v. Meyers, 16 Alaska 368, 143 F.Supp. 1 (D.Alaska 1956); Etherton v. United States, 17 Alaska 274, 249 F.2d 410, cert. denied, 355 U.S. 919, 78 S.Ct. 349, 2 L.Ed.2d 278, 17 Alaska 450 (1957).

The indictment charged that appellant "did wilfully, unlawfully and feloniously commit an act which tended to contribute to the delinquency of a child under the age of eighteen (18) years, said act being the persuading of [prosecutrix] * * * age sixteen (16) years, to engage in sexual intercourse with him * * *." The word "immoral" nowhere appears in the wording of the indictment and in our view the charge clearly informed appellant of the nature and cause of the accusation.

Appellant's second point is that the state failed to prove by competent testimony the prosecutrix's age at the time of the alleged offense. The prosecutrix testified that she was sixteen years of age at the time of the alleged offense. Appellant's objection to hearsay testimony was overruled.

The record reveals that prosecutrix had been living with her father in Minnesota until January of 1961. Her mother had died the previous summer. When her father's brother and his wife offered to take the prosecutrix with them to live, the offer was accepted. Prosecutrix accompanied her aunt and uncle to California and Washington and then to Fairbanks, Alaska, where the offense was alleged to have occurred in May of 1961. Prosecutrix had represented her age to be nineteen in order to obtain employment at a Fairbanks drive-in and on several occasions had accompanied her aunt to local bars. There was testimony that appellant had been advised by prosecutrix's aunt prior to the time of the alleged offense that prosecutrix was sixteen years of age. There was also testimony that appellant overheard a conversation between prosecutrix's aunt and an investigating officer during which the aunt stated that prosecutrix's age was sixteen.

■■ The rule is well established that a witness may testify as to his own age even though such testimony is hearsay.[4] It is true that the state did not elicit from the prosecutrix testimony as to how she had learned that she was sixteen years of age. On the other hand, appellant's counsel made no attempt to inquire into the question of how she knew her age, although she was cross-examined at some length on other aspects of the case. The fact that she had spent her entire life with her mother and father makes it more than probable that she acquired knowledge of her age directly from them before leaving to live with her aunt and uncle. Testimony that she had on at least one occasion represented her age to be nineteen was contradictory. The weight to be given to her testimony was a matter for the jury to determine.[5] We find no error here.

Appellant next contends that the state failed to prove that appellant had actual knowledge that prosecutrix was under the age of eighteen.

■ The answer to this argument is that it was not necessary for the state to prove that appellant had actual knowledge of the fact that prosecutrix was under the age of eighteen. The object of the statute is to protect all children under the age of eighteen. Persons having illegal relations with children do so at their peril. Appellant's belief that prosecutrix was over the age of eighteen, even though it may have had some support, is no excuse.[6]

The statute upon which the indictment was based makes the commission of any of the acts enumerated a felony.[7] The word "wilfully" nowhere appears therein. The indictment however, charged appellant with "wilfully, unlawfully and feloniously" committing the act. Appellant argues that since the indictment charged a wilful commission of the act, knowledge that prosecutrix was under the age of eighteen was an essential

4. People v. Ratz, 115 Cal. 132, 46 P. 915 (1896); State v. Miller, 71 Kan. 200, 80 P. 51 (1905); see annot. 39 A.L.R. 376.

5. State v. Miller, supra note 4, 80 P. 51.

6. People v. Ratz, supra note 4, 46 P. at 916.

7. Note 1 supra.

element of the crime charged which was not proved.

There is no merit to this argument. The statute does not make specific intent an ingredient of the offense. It was therefore not necessary to prove that appellant had the specific intent to commit the act with a child whom he knew to be under the age of eighteen years in order to sustain a conviction under the statute.[8] The jury was properly instructed that the only criminal intent that they need find in this case was the intent to commit the act charged.

■ Appellant next argues that since the statute requires that the act charged be one which would "contribute to the delinquency" of the child, the state was obligated to establish as a part of its case to what extent the prosecutrix was already a delinquent, so that the jury could determine whether or not the act complained of would contribute to her delinquency.

We do not agree. The intent of the act was to protect all children under the age of eighteen. The statute makes the act or omission a crime if either tends to cause delinquency, encourages delinquency, encourages the continuation of a state of pre-existing delinquency, contributes to delinquency, or contributes to the maintenance or continuation of a pre-existing state of delinquency. We do not recognize that a child can become so irreconcilably delinquent that no act or omission can further impair its status, as appellant seems to argue. There is no " * * * open season as to any child who has once become a delinquent."[9] The state therefore was not required to establish the child's pre-existing status as to delinquency. If the act or omission proved would cause, tend to cause, encourage or contribute to the delinquency of one not delinquent, then the same act or omission is a crime when committed as to one already a delinquent.

■ Appellant next claims that the trial court erred in not requiring the state to elect on what day he was alleged to have committed the crime charged.

The indictment alleged "That on or about the 29th, 30th and 31st day of May, 1961" the appellant committed the act, etc. Appellant's argument is that he was prejudiced by being required to account for his time over a seventy-two hour period when he might otherwise have been able to concentrate on preparing a defense as to his activities on a day certain.

Appellant has failed to point out wherein he was prejudiced in any particular respect or why it was an abuse of discretion for the trial court to deny his request. In the absence of a showing that a substantial right has been prejudiced the action of the trial court will not be disturbed on appeal.[10]

The state produced proof that appellant had actually engaged in sexual intercourse with the prosecutrix at least twice on each of the dates alleged in the indictment.

8. People v. Dillon, 199 Cal. 1, 248 P. 230, 232 (1926); People v. Reznick, 75 Cal. App.2d 832, 171 P.2d 952, 956 (1946) where the information used the phrase "wilfully, unlawfully and knowingly" and conviction under a statute very similar to § 65–9–11 A.C.L.A.1949 was sustained.

9. State v. Caputo, 202 Or. 456, 274 P.2d 798, 802 (1954).

10. At the time of trial herein § 66–9–9 A.C.L.A.1949 was in force and stated: "§ 66–9–9. Alleging time. That the precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, and within the time in which an action may be commenced therefor, except where time is a material ingredient in the crime. [CLA 1913, § 2153; CLA 1933, § 5214.]"
Section 66–9–9 was repealed by S.L.A. 1962, ch. 34, § 13.02 effective January 1, 1963. Since January 1, 1963 the question raised would be covered generally by Rule 7, Rules of Criminal Procedure, and particularly by that portion of Rule 7(c) which states:
"No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in matter of form in the indictment, which does not tend to prejudice the substantial rights of the defendant."

Appellant's next claim of error is that his right to a fair trial was prejudiced by questions asked by the District Attorney which by innuendo reflected on appellant's character.

We have examined the transcript as to all of the thirteen instances cited by appellant. In eight instances appellant's objection was either sustained, or the question was withdrawn or never answered. In one instance the objection was withdrawn and in another instance no objection was made. In the three instances where appellant's objection was overruled the court was clearly correct. We believe appellant's statement of the innuendo created by each of the questions is exaggerated.

■ We shall rule specifically on only two of the matters mentioned above. The first is whether the court erred in permitting the prosecutor to ask a witness whether he had been convicted of a felony.

This was not error. At the time of trial section 58–4–61 A.C.L.A.1949 was in force and provided that for impeachment purposes it might be shown by examination of the witness or the record of the judgment that he had been convicted of a crime.[11] Also in force was section 58–6–12 A.C.L.A. 1949 providing in part that " * * * a wit-

ness must answer as to the fact of his previous conviction for felony."[12]

The foregoing statutes, construed together, were long ago held to permit the prosecutor to prove that the defendant had been previously convicted of a misdemeanor.[13] As far as we are aware Alaska courts have uniformly permitted the prosecutor to ask a witness the question of whether he had been convicted of a crime.

When all evidence statutes were incorporated into rules by this court in the exercise of its constitutional rule-making power, the seeming inconsistency between sections 58–4–61 and 58–6–12 A.C.L.A.1949 was perpetuated. At the present time Civil Rule 43(g) (11) [b] provides in part that " * * it may be shown by the examination of the witness or the record of a judgment that he has been convicted of a crime". Civil Rule 43(h) (7) provides in part that "A witness must answer as to the fact of his previous conviction for a felony".[14] A rules amendment now in process of adoption will resolve the ambiguity making it clear beyond doubt that a witness may be asked whether he has been convicted of a crime.

The second point upon which we shall rule is the claim that it was reversible error for the prosecutor to remark, in referring

11. Section 58–4–61 A.C.L.A.1949 stated:
"§ 58–4–61. Impeachment by adverse party: Evidence permissible. A witness may be impeached by the party against whom he was called, by a contradictory evidence, or by evidence that his general reputation for truth is bad, or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts; except that it may be shown by the examination of the witness or the record of the judgment that he has been convicted of a crime. [CLA 1913, § 1501; CLA 1933, § 4256.]"

12. Section 58–6–12 A.C.L.A.1949 stated:
"§ 58–6–12. Questions witness bound to answer: Privilege. A witness shall answer questions legal and pertinent to the matter in issue, though his answer may establish a claim against himself. But he need not give an answer which

will have a direct tendency to subject him to criminal prosecution, or to degrade his character, unless, in the latter case, it be as to the very fact in issue, or to a fact from which the fact in issue would be presumed. This privilege is the privilege of the witness, but a witness must answer as to the fact of his previous conviction for felony. [CLA 1913, § 1507; CLA 1933, § 4265.]"

13. Ball v. United States, 147 F. 32, 38 (9th Cir., 1906).

14. These rules became effective January 1, 1963 and sections 58–4–61 and 58–6–12 were repealed effective on that date. Criminal Rule 26(a) provides in part that: "The admissibility of evidence shall be governed by Civil Rule 43 and by these rules, or in the absence of rule, by the principles of common law as they may be interpreted by the courts of the state in the light of reason and experience."

**674** 

to appellant in closing argument, "The fact is that if he is convicted, there might be a fine, there might be a probation * * *." Counsel for appellant objected and after a colloquy between both counsel and the court, the court ruled that the prosecutor could not comment on possible punishment.

 The court's ruling was correct. Counsel should in argument confine themselves to matters within the record, or fairly deducible therefrom.[15] The court should have admonished the prosecutor and instructed the jury to disregard his uncompleted sentence. However, we are of the view that the error was harmless in this case even though the judge did not so instruct the jury. The colloquy between both counsel and the court served to inform the jury that possible punishment was not their concern.

Most of appellant's numerous objections to alleged erroneous instructions have been already answered in this opinion. We shall not attempt to consider them separately since there has not been compliance with our Rule 11(a) (6) in the preparation of the brief.

The judgment is affirmed.

15. Wechter v. People, 53 Colo. 89, 124 P. 183, 185 (1912).