**STATE of Alaska, Petitioner,**

v.

**Moses G. GUEST, and Jacob Y. Evan, Respondents.**

**No. 3533.**

Supreme Court of Alaska.

Sept. 1, 1978.

Natalie K. Finn, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

Patrick T. Brown, Rice, Hoppner, Hedland, Fleischer & Ingraham, Fairbanks, for Moses G. Guest, respondent.

Lyle R. Carlson, Fairbanks, for Jacob Y. Evan, respondent.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

The question presented in the State's petition for review is whether an honest and reasonable mistake of fact regarding a victim's age may serve as a defense to a charge of statutory rape.

On April 7, 1977, the respondents, Moses Guest and Jacob Evan, were charged with the statutory rape of T.D.G., age fifteen, in violation of AS 11.15.120.[1] A motion to sever trials was subsequently granted.

On June 29, 1977, Guest moved the Superior Court, Judge Warren W. Taylor, presiding, to give the following instruction:

> If you find that Defendant, Moses G. Guest, held a reasonable belief that [T.D.G.] was 16 years of age or older, then you must find Defendant not guilty of the charge of statutory rape.

Evan joined in Guest's motion. On July 8, 1977, Judge Taylor initially denied the respondents' motions, however, upon reconsideration decided that if evidence were presented at trial supporting a reasonable belief by Guest or Evan that T.D.G. was at least sixteen years old he would grant respondents' motions and give the instructions. The parties entered into a stipulation that "the evidence expected to be presented at trial will support a reasonable belief on the part of each defendant that the alleged victim, age 15, was sixteen years of age or older at the time of the alleged act of sexual intercourse." In light of that stipulation, the court ordered that it would instruct the jurors as follows:

> It is a defense to a charge of statutory rape that the defendant reasonably and in good faith believed that the female person was of the age of sixteen years or older even though, in fact, she was under the age of sixteen years. If from all the evidence you have a reasonable doubt as to the question whether defendant reasonably and in good faith believed that she was sixteen years of age or older, you must give the defendant the benefit of that doubt and find him not guilty.

The state brings a petition for review from that order.

Respondents concede that in most jurisdictions a reasonable mistake of age is not a

---

1. AS 11.15.120 provides in relevant part:
 *Rape.* (a) a person who . . . (2) being 16 years of age or older, carnally knows and abuses a person under 16 years of age, is guilty of rape.

defense to a charge of statutory rape.[2] Although the validity of this defense to a statutory rape charge has not been decided in Alaska, we were presented with a similar issue in *Anderson v. State,* 384 P.2d 669 (Alaska 1963)[3] where the charge was contributing to the delinquency of a minor by a consensual act of sexual intercourse. We said that "[a]ppellant's belief that prosecutrix was over the age of eighteen, even though it may have some support, is no excuse" and "[p]ersons having illegal relations with children do so at their [own] peril." *Id.* at 671.

We recognized in *Speidel v. State,* 460 P.2d 77 (Alaska 1969), that consciousness of wrongdoing is an essential element of penal liability. "It is said to be a universal rule that an injury can amount to a crime only when inflicted by intention—that conduct cannot be criminal unless it is shown that one charged with criminal conduct had an awareness or consciousness of some wrongdoing." *Id.* at 78. In *Alex v. State,* 484 P.2d 677 (Alaska 1971), we reaffirmed this principle and noted the "necessity of basing serious crimes upon a general criminal intent as opposed to strict criminal liability which applies regardless of intention." We also observed that the goal of the requirement of criminal intent "is to avoid criminal liability for innocent or inadvertent conduct." *Id.* at 681. We held in both cases

that it would be a deprivation of liberty without due process of law to convict a person of a serious crime without the requirement of criminal intent. *Alex v. State, supra* at 680–81; *Speidel v. State, supra* at 80. These principles were recently reaffirmed in *Kimoktoak v. State,* 584 P.2d 25 (Alaska, 1978).

Our opinion in *Speidel* stated that there are exceptions to the general requirement of criminal intent which are categorized as "public welfare" offenses. These exceptions are a rather narrow class of regulation, "caused primarily by the industrial revolution, out of which grew the necessity of imposing more stringent duties on those connected with particular industries, trades, properties, or activities that affect public health, safety or welfare." *Speidel v. State, supra* at 78. The penalties for the infraction of these strict liability offenses are usually relatively small and conviction of them carries no great opprobrium. *Id.* at 79. Statutory rape may not appropriately be categorized as a public welfare offense. It is a serious felony. If the offender is less than nineteen years of age, he may be imprisoned for up to twenty years. If he is nineteen years of age or older, he may be punished by imprisonment for any term of years.[4]

We believe that the charge of statutory rape is legally unsupportable under the

---

2. *See generally* cases cited in 8 A.L.R.3d 1100, 1102 and Supplement.

 Several states, by statute, have recognized the defense. *E. g.,* Ark.Stat.Ann. § 41–1802(3); Mont.Rev.Codes Ann. § 94–5–506(1) (Supp. 1974); Wash.Rev.Code § 9.79.160(2) (1976).

 This point of view has also been adopted by the 1978 revisors of the Alaska Criminal Code. Alaska Criminal Code revision (effective 1980) provides:

 11.41.445. (b) In a prosecution under secs. 410–440 of this chapter, whenever a provision of law defining an offense depends upon a victim's being under a certain age, it is an affirmative defense that, at the time of the alleged offense, the defendant reasonably believed the victim to be that age or older, unless the victim was under 13 years of age at the time of the alleged offense.

 In California, the defense is allowed. *People v. Hernandez,* 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (Cal.1964).

3. *Anderson* relied on the case of *People v. Ratz,* 115 Cal. 132, 46 P. 915, 916 (Cal.1896). Since the time *Anderson* was decided, *Ratz* has been overturned by *People v. Hernandez, supra* note 2.

4. AS 11.15.130 provides:

 *Punishment for rape.* (a) A person 19 years of age or older convicted of rape upon his daughter, son, sister or brother, or upon a person under 16 years of age, is punishable by imprisonment in the penitentiary for any term of years.

 (b) A person less than 19 years of age convicted for rape upon his daughter, son, sister or brother, or a person under 16 years of age, is punishable by imprisonment in the penitentiary for not more than 20 years.

 (c) A person convicted of rape upon any other person is punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year.

principles of *Speidel, Alex* and *Kimoktoak* unless a defense of reasonable mistake of age is allowed. To refuse such a defense would be to impose criminal liability without any criminal mental element. The defense of reasonable mistake of fact is generally allowed in criminal cases to permit the defendant to show that he lacked criminal intent.[5] When that opportunity is foreclosed the result is strict criminal liability.

 Although AS 11.15.120 [6] is silent as to any requirement of intent, this is true of many felony statutes.[7] The requirement of criminal intent is then commonly inferred. *Kimoktoak v. State, supra,* 584 P.2d at 30–31; *Thomas v. State,* 522 P.2d 528, 530 n. 4 (Alaska 1974); *Speidel v. State, supra* at 79. In fact, in such cases, where the particular statute is not a public welfare type of offense, either a requirement of criminal intent must be read into the statute or it must be found unconstitutional. *Kimoktoak v. State, supra* 584 P.2d at 29; *Alex v. State, supra* at 680–81; *Speidel v. State, supra* at 80. Since statutes should be construed where possible to avoid unconstitutionality,[8]

it is necessary here to infer a requirement of criminal intent.

 It has been urged in other jurisdictions that where an offender is aware he is committing an act of fornication he therefore has sufficient criminal intent to justify a conviction for statutory rape because what was done would have been unlawful under the facts as he thought them to be. *E. g., State v. Silva,* 53 Haw. 232, 491 P.2d 1216, 1217 (1971). We reject this view. While it is true that under such circumstances a mistake of fact does not serve as a complete defense, we believe that it should serve to reduce the offense to that which the offender would have been guilty of had he not been mistaken. *See Model Penal Code* § 2.04(2) (Proposed Official Draft 1962);[9] LaFave & Scott, *supra* note 5 at 360–62. Thus, if an accused had a reasonable belief that the person with whom he had sexual intercourse was sixteen years of age or older, he may not be convicted of statutory rape. If, however, he did not have a reasonable belief that the victim was eighteen years of age or older, he may still be criminally liable for contribution to the delinquency of a minor.[10] It is significant

---

5. The defense of mistake has been generally explained as follows:
 > Instead of speaking of ignorance or mistake of fact or law as a defense, it would be just as easy to note simply that the defendant cannot be convicted when it is shown that he does not have the mental state required by law for commission of that particular offense. For example, to take the classic case of the man who takes another's umbrella out of a restaurant because he mistakenly believes that the umbrella is his, it is not really necessary to say that the man, if charged with larceny, has a valid defense of mistake of fact; it would be more direct and to the point to assert that the man is not guilty because he does not have the mental state (intent to steal the property of another) required for the crime of larceny. Yet, the practice has developed of dealing with such mistakes as a matter of defense, perhaps because the facts showing their existence are usually brought out by the defendant . . (footnote omitted).

 LaFave & Scott, *Criminal Law,* § 47 at 356–57 (1972).

6. *See* note 1, *supra.*

7. *See Kimoktoak v. State, supra,* 584 P.2d at 30–31.

8. *Kimoktoak v. State, supra,* 584 P.2d at 31; *Gottschalk v. State,* 575 P.2d 289, 296 (Alaska 1978); *State v. Martin,* 532 P.2d 316, 321 (Alaska 1975); *Hoffman v. State,* 404 P.2d 644, 646 (Alaska 1965).

9. Section 2.04(2) of the Model Penal Code provides:
 > (2) Although ignorance or mistake would otherwise afford a defense to the offense charged, the defense is not available if the defendant would be guilty of another offense had the situation been as he supposed. In such case, however, the ignorance or mistake of the defendant shall reduce the grade and degree of the offense of which he may be convicted to those of the offense of which he would be guilty had the situation been as he supposed.

10. AS 11.40.130 provides:
 > *Contributing to delinquency of child.*
 > (a) A person who commits an act, or omits the performance of a duty, which causes or tends to cause, encourage or contribute to the delinquency of a child under the age of 18 years, is guilty of a misdemeanor.
 > (b) A person who by threats, command or persuasion endeavors to induce a child under

that the Alaska Statutes do not proscribe fornication, and therefore, it may not be considered an offense of a lesser degree.

For the foregoing reasons, we hold that a charge of statutory rape is defensible where an honest and reasonable mistake of fact as to the victim's age is shown. *Anderson v. State, supra,* is overruled to the extent that its holding is inconsistent with the views expressed herein. The order of the superior court is affirmed.

AFFIRMED.

the age of 18 years to perform an act or follow a course of conduct which would cause or manifestly tend to cause him to become or remain a delinquent is guilty of a felony, and upon conviction is punishable by imprisonment for not less than one year nor more than two years.

For the purposes of this section, delinquency is defined in AS 11.40.150.