Michael S. MORRIS, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 6391.

Court of Appeals of Alaska.

Oct. 15, 1982.

Lewis Gordon, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Berry, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Michael Morris was convicted of removal of merchandise, in violation of Anchorage Municipal Code 8.05.550(A).[1] Morris argues that the ordinance requires, by implication, a specific intent to permanently deprive the owner of the merchandise removed before conviction can result. We conclude that a specific intent to permanently deprive is not required. The trial court correctly instructed the jury that an intent to remove is required. Morris' conviction is affirmed.

On June 24, 1981, two security guards observed Morris remove a baseball cap from a store display, and exit the store without stopping to pay for it. Morris testified that he was exiting the store to obtain money to pay for the hat from a friend, Michael Medley, who was outside waiting for him. Medley corroborated Morris' statement.

At trial, defense counsel proposed three jury instructions that required a specific intent to permanently deprive as an element of the offense. These instructions were not given. The jury was instructed that one of the four elements necessary for conviction for removal of merchandise was that:

> The defendant intended to remove the merchandise without the consent of the owner or the person entitled to its possession and without paying for such merchandise.

We note that there is no state statutory prohibition to the enactment of AMC 8.05.-550(A) by Anchorage, a home rule municipality. *See Rodney Lee Smith v. Municipality of Anchorage,* —— P.2d ——, Op.No. 5958 (Alaska App. Oct. 15, 1982), for a more detailed discussion of the lack of conflict between AMC 8.05.550 and state statutes.

The Anchorage shoplifting ordinance, of which removal of merchandise is a part, is not a common law offense requiring a specific intent to deprive. *Smith v. Municipality of Anchorage,* —— P.2d ——. *See also* Note, *Legislation-Survey and Analysis of Criminal & Tort Aspects of Shoplifting Statutes,* 58 Mich.L.Rev. 429, 432–34 (1960); 52A C.J.S. *Larceny* § 1(5) (1965). Furthermore, Morris' argument that the directives embodied in *Speidel v. State,* 460 P.2d 77 (Alaska 1969), require inference of a criminal intent to permanently deprive is without merit.[2] *Speidel* and its progeny require that the criminal actor be aware of the wrongfulness of his conduct before conviction can result.[3] This is accomplished in the case at bar by requiring that the prosecution prove a specific intent to remove

---

1. AMC 8.05.550(A) provides:

   *Removal of merchandise.* It is unlawful for any person to take or remove any merchandise or thing of value from the premises where such merchandise or thing of value is kept for purposes of sale, barter, or storage without the consent of the owner or person lawfully entitled to its possession.

2. The decision in *Speidel* did not require a showing of a specific intent to permanently deprive before conviction could result. It prohibited conviction for the failure to return a rented motor vehicle in the absence of proof of a conscious purpose to injure the owner of the vehicle.

3. In *Kimoktoak v. State,* 584 P.2d 25 (Alaska 1978), the court ruled that criminal liability attached for failing to render aid at the scene of a motor vehicle accident when the driver actually knew of the injury or knew that the accident was of such a nature that it was likely to have resulted in an injury. In *State v. Guest,* 583 P.2d 836 (Alaska 1978), the court ruled that it was a defense to a statutory rape charge that the defendant made a reasonable mistake regarding the age of the victim. In *State v. Rice,* 626 P.2d 104 (Alaska 1981), the court held that before conviction for transportation of illegally taken game could result, the prosecution must prove that the defendant knew or should have known that the game was illegally taken.

before conviction can result pursuant to AMC 8.05.550(A).

There are no substantive due process problems with the ordinance because almost all people are aware that removal of merchandise is a type of activity that will arouse suspicion and possibly result in allegations of criminal conduct. They receive adequate notice that their conduct is illegal. In addition, removal of an unpurchased item from the store is reasonably related to the legitimate purpose of preventing theft. *See State v. Rice,* 626 P.2d 104, 110 (Alaska 1981). To render the ordinance constitutional, it is necessary only to infer a requirement of an intent to remove.

The conviction is AFFIRMED.