Gary C. JAGER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1145.

Court of Appeals of Alaska.

Jan. 22, 1988.

---

Steve Cole, Asst. Public Defender, Kodiak, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Gary C. Jager was charged by indictment with one count of sexual abuse of a minor in the second degree, in violation of AS 11.41.436(a)(1). Following a jury trial, Jager was convicted of that offense. Superior Court Judge Warren W. Taylor sentenced Jager to four years' imprisonment with three years suspended. Jager appeals, contending that the trial court erred in excluding evidence of the victim's prior sexual experience and in denying his proposed jury instructions on the affirmative defense of reasonable mistake of age. We affirm.

## FACTS

During the summer of 1984, P.M. was the full-time babysitter for the Jagers' two children. At that time P.M. was fourteen years old and about to enter the tenth grade. She generally babysat from 6:00 a.m. to 6:30 p.m. The Jagers and P.M.'s family lived in Kodiak and the families had been close friends for a year and a half.

Early one morning in late August or early September, Jager, a self-employed cab driver, came home after driving his cab all day and drinking downtown all night.

P.M. was sitting in the living room. Jager sat down next to her and told her that his wife and P.M.'s mother had given him permission to take P.M. to bed. P.M. initially refused. Jager started to rub her neck and back, and eventually the two went into the bedroom. They had sexual intercourse, talked for a few minutes, and P.M. left the bedroom because the children were awake. Jager later discussed the incident with his wife and P.M. P.M. continued to work as a babysitter.

P.M. first reported the incident in December 1984 to Corporal Rodney Bruce Guinn of the Alaska State Troopers, who was conducting an investigation in another sexual assault case. Guinn subsequently questioned Jager at the Troopers' office in Kodiak on December 29. Jager admitted that he had engaged in sexual intercourse with P.M., and was charged with sexual abuse in the second degree.

At his trial, Jager did not dispute that intercourse occurred, but claimed that he reasonably believed P.M. was at least sixteen years old. He based this belief on her "[p]hysical maturity," her "actions and mannerisms," her manner of speech, and the fact that she was "very physically affectionate." The testimony concerning Jager's knowledge of P.M.'s age was conflicting. P.M. acknowledged that she never talked with Jager about the fact that she was only in the tenth grade. However, she testified that the Jagers, possibly including the defendant, came to her house on November 26, 1983, to wish her a happy fourteenth birthday. Jager denied being present. P.M. also stated that, before starting her summer job, she discussed her salary and her age with Mrs. Jager and probably Mr. Jager as well. Jager denied involvement in the discussion.

## EVIDENCE OF P.M.'S PRIOR SEXUAL EXPERIENCE

During his trial, Jager made two attempts to introduce evidence of P.M.'s prior sexual conduct. Judge Taylor denied the requests, ruling that evidence of P.M.'s prior sexual experience was inadmissible under AS 12.45.045, Alaska's rape shield statute. At that time, the rape shield statute did not expressly refer to the offense of sexual abuse of a minor. Former AS 12.45.045(a) provided:

*Evidence of past sexual conduct in trials of rape and assault with intent to commit rape.* (a) In prosecutions for the crime of sexual assault in any degree or an attempt to commit sexual assault in any degree, evidence of the complaining witness' previous sexual conduct shall not be admitted nor reference made to it in the presence of the jury except as provided in this section. When the defendant seeks to admit the evidence for any purpose, the defendant may apply for an order of the court at any time before or during the trial or preliminary hearing. After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence. If the court finds that evidence offered by the defendant regarding the sexual conduct of the complaining witness is relevant, and that the probative value of the evidence offered is not outweighed by the probability that its admission will create undue prejudice, confusion of the issues, or unwarranted invasion of the privacy of the complaining witness, the court shall make an order stating what evidence may be introduced and the nature of the questions which shall be permitted. The defendant may then offer evidence under the order of the court.

This statute had been amended prior to Jager's trial to include a specific reference to sexual abuse of a minor. However, the amendment did not take effect until after Jager's trial. In its amended form, AS 12.45.045(a) provides, in relevant part:

*Evidence of past sexual conduct in trials of certain sexual offenses.* (a) In prosecutions for the crimes of sexual assault in any degree, sexual abuse of a minor in any degree, or unlawful exploitation of a minor, or an attempt to commit any of these crimes, evidence of the complaining witness' previous sexual conduct may not be admitted nor may reference be made to it in the presence of

the jury except as provided in this section....

On appeal, Jager challenges the trial court's reliance on the rape shield statute as a basis for excluding evidence of P.M.'s prior sexual experience. Jager argues that, in its pre-amendment form, the statute had no application to the crime of sexual abuse of a minor.

■ We decline to follow Jager's interpretation of the statute. The legislative history of AS 12.45.045 clearly indicates that the original statute was meant to include victims of sexual abuse as well as victims of rape. In the original version of the Alaska Revised Criminal Code, conduct currently defined as first- and second-degree sexual abuse of a minor was included in the definition of sexual assault. *See* former AS 11.41.410(a)(3) and (4) (ch. 166 § 3, SLA 1978). When the code was amended in 1983 by adding first- and second-degree sexual abuse of a minor as separate offenses, *see* AS 11.41.434 and AS 11.41.436 (ch. 78 § 2, SLA 1983), revision of AS 12.45.045 to reflect this change became necessary. This point is made clear in the governor's transmittal letter accompanying the 1985 amendment to the rape shield statute. The letter states that the original rape shield statute applied to "child victims as well as adult victims." It continues:

> The statute is designed to protect the sexual assault victim from unwarranted invasion into her private life. As originally adopted in the new criminal code, serious sexual offenses against children were included in the general sexual assault statutes. The protections included in AS 12.45.045 thus applied in child abuse cases as well as adult rape cases.

> In 1983 the criminal laws regarding sexual offenses against children were revised; most sexual offenses against children are now called "sexual abuse of a minor" in one of four degrees. Unfortunately, the language of AS 12.45.045 was not altered to reflect the new designation for sexual crimes against children....

1985 House Journal 72, 74. Accordingly, Jager incorrectly asserts that his conduct did not fall within the ambit of former AS 12.45.045.

Jager next contends that the trial court incorrectly excluded evidence of P.M.'s sexual conduct, even if former AS 12.45.045 is applicable to his case. Jager asserts that the excluded evidence was relevant to show the reasonableness of his belief that P.M. was at least sixteen years old. He asserts that the trial court erred in excluding two specific categories of evidence. The first category consists of testimony concerning P.M.'s alleged past sexual conduct that Jager knew of. Jager claimed that he was aware that P.M. had previously engaged in sexual intercourse with her brother. He argues that this knowledge "formed a basis for his belief she was sixteen." The second category consists of evidence concerning P.M.'s sexual conduct that Jager did not know about. Jager offered to produce testimony indicating that P.M. had been the victim of sexual abuse by her father, brother, and two other men, and that she had repeatedly been sexually active with "a great number of people her own age."

■ In determining whether evidence of past sexual conduct is admissible under the rape shield statute, the trial judge must find that the evidence is relevant and that its probative value outweighs the probability of undue prejudice, confusion of the issues, or unwarranted invasion of the victim's privacy. The rape shield statute does not prohibit the introduction of evidence of the victim's prior sexual conduct when that evidence is truly relevant. Rather, by requiring the trial judge to engage in a careful balancing of probative value against prejudicial effect, it guards against hasty and ill-considered admission of evidence that is only marginally relevant or truly irrelevant. The balancing test established by AS 12.45.045 is substantially similar to the test of Alaska Rule of Evidence 403, which provides for the exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.[1] Only when the

---

1. Alaska Rule of Evidence 403 provides:

Although relevant, evidence may be excluded

probative value of evidence relating to prior sexual conduct is outweighed by its potential for prejudice can that evidence be excluded. *Kvasnikoff v. State*, 674 P.2d 302 (Alaska App.1983).

■ Applying this framework to the present case, we find that the trial court properly excluded the evidence concerning P.M.'s prior sexual conduct. Judge Taylor concluded, following an *in camera* hearing:

> [Jager] is not aware of anything that's happened to this girl other than maybe something that he may have overheard [concerning P.M.'s sexual conduct with her brother, G.M.], and then I'm not really too clear about that communication, that if it was hearsay or just what, but the fact is, you've mentioned the fact that the girl was brutalized [by previous sexual abuse] and there is no evidence in the record as to that, and ... how that would any way lead Mr. Jager to the opinion that ... she was over 16, or 16 [or] over.

Jager has presented nothing to indicate how his belief that P.M. had been sexually assaulted by her brother could reasonably have led him to conclude that P.M. was sixteen years of age or older. Even more remote is Jager's assertion of relevance as to P.M.'s sexual experience with her father, two other men, and boys her own age—conduct of which Jager was not even aware at the time of the offense. Jager fails to offer any explanation of how the victim's alleged promiscuity or her abuse by others could conceivably have led a reasonable person who was unaware of her conduct to believe that she was likely to be sixteen years of age or older.

Because the trial judge correctly found that the proposed evidence was basically irrelevant, it was unnecessary for him to apply the balancing test as to its probative value. Under the rape shield law and the rules of evidence, this evidence was properly excluded. AS 12.45.045; A.R.E. 403. In reaching this conclusion, we do not intimate that evidence of past sexual conduct can be excluded when it is relevant and of potentially material benefit to the accused; rather, we emphasize that in this case Jager has failed to establish any nexus whatsoever between P.M.'s past conduct and her behavior and mannerisms at the time of the offense.

Our holding is consistent with *Page v. State*, 657 P.2d 850 (Alaska App.1983). There, Page attempted to explain his commission of a homicide by alleging that he had acted in self-defense after being subjected to an attempted homosexual rape by the victim. Page contended that the trial court erred in excluding evidence that books on aberrant sexual activity had been found among the victim's possessions. He argued that the books were relevant to corroborate his version of the incident. On appeal, we upheld the trial court's exclusion of this evidence. We concluded that there was no clearly established connection between the reading of pornography and the commission of sexual assault; we held that Page had the burden of establishing such a nexus before the disputed evidence could be admitted. Here, as in *Page*, there is no self-evident connection between P.M.'s prior sexual experience and Jager's reasonable belief as to her age, and Jager has failed to produce any evidence to establish such a connection.

■ Jager nevertheless contends that excluding evidence of P.M.'s past sexual conduct violated his Sixth Amendment right to confrontation.[2] *See Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In *Davis*, the United States Supreme Court held unconstitutional a statute that barred the introduction of a juvenile witness' criminal record. The Supreme Court concluded that the state's interest in protecting the anonymity of juvenile offenders was overshadowed by the accused's right to seek out the truth in the process of defending himself. *Id.* at 320,

---

if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**2.** U.S. Const. amends. VI and XIV; Alaska Const. art. I § 7 and art. I, § 11.

94 S.Ct. at 1112. *See also Rock v. Arkansas,* —— U.S. ——, 107 S.Ct. 2704, 97 L.Ed. 2d 37 (1987) (defendant's right to testify may not be restricted by state evidentiary rule that excludes post-hypnosis testimony).

As we have noted, however, in contrast to the statute at issue in *Davis,* AS 12.45.-045 does not preclude the admission of relevant evidence. When properly applied, the rape shield statute will not encroach on the confrontation clause, because there is no right to confront and cross-examine on irrelevant issues. *People v. Arenda,* 330 N.W.2d 814 (Mich.1982).[3] *See also Kvasnikoff v. State,* 674 P.2d at 305; *Larson v. State,* 656 P.2d 571, 575 (Alaska App.1982). Because the trial court properly concluded that the proposed evidence was irrelevant, Jager's sixth amendment rights were not violated.

## PROPOSED JURY INSTRUCTIONS

■ Jager contends that the trial court erred in refusing to give three proposed instructions relating to his defense of reasonable mistake of age. All three instructions were rejected by Judge Taylor in chambers and off the record, and his grounds for rejection are not known.[4]

One of Jager's proposed instructions stated in relevant part:

3. Concerning the admissibility of evidence of sexual conduct under its rape shield statute in the context of a defendant's right to confrontation, the Michigan Supreme Court stated:
We recognize that in certain limited situations, such evidence may not only be relevant, but its admission may be required to preserve a defendant's constitutional right to confrontation. For example, where the defendant proffers evidence of a complainant's prior sexual conduct for the narrow purpose of showing the complaining witness' bias, this would almost always be material and should be admitted. Moreover in certain circumstances, evidence of a complainant's sexual conduct may also be probative of a complainant's ulterior motive for making a false charge. Additionally, the defendant should be permitted to show that the complainant has made false accusations of rape in the past.
The determination of admissibility is entrusted to the sound discretion of the trial court. In exercising its discretion, the trial court should be mindful of the significant

If from all the evidence you have a reasonable doubt as to the question whether defendant reasonably and in good faith believed that [the victim] was sixteen years of age or older, you must give the defendant the benefit of that doubt and return a verdict of not guilty.

In contrast, the instruction given by the trial court provided:

It is an affirmative defense to this charge that at the time of the alleged offense, the defendant reasonably believed the victim to be 16 years of age or older.

Therefore, if you decide that it is more likely than not that the defendant reasonably believed the victim to be 16 years of age or older, then you must find him not guilty.

Jager contends that his proposed instruction tracks AS 11.41.445 and the instruction approved in *State v. Guest,* 583 P.2d 836 (Alaska 1978). However, under AS 11.41.-445 mistake of age is an affirmative defense:

In a prosecution under AS 11.41.434— 11.41.440, whenever a provision of law defining an offense depends upon a victim's being under a certain age, it is an affirmative defense that, at the time of the alleged offense, the defendant reasonably believed the victim to be that age or older, unless the victim was under 13

legislative purposes underlying the rape-shield statute and should always favor exclusion of evidence of a complainant's sexual conduct where its exclusion would not unconstitutionally abridge the defendant's right to confrontation.
*People v. Hackett,* 365 N.W.2d 120, 124–25 (Mich.1984) (citation omitted).

4. The state claims that Jager has forfeited this issue by failing to make objections on the record. Alaska Criminal Rule 30(a). However, it is undisputed that Jager did make objections and did propose instructions to the trial court. The source of the problem here is that the in-chambers discussion was not recorded. Under these circumstances, we decline to find that Jager forfeited his right to appeal the issue. *Cf. Dimmick v. State,* 449 P.2d 774 (Alaska 1969). We take this opportunity, however, to remind trial judges that discussions concerning jury instructions must be conducted on the record.

years of age at the time of the alleged offense.

An affirmative defense must be established by a preponderance of the evidence. AS 11.81.900(b)(1). Thus, the trial court's instruction on the burden of proof as to an affirmative defense was correct. *See also* Model Penal Code, § 213.6.

Jager mistakenly relies on the jury instructions in *State v. Guest,* 583 P.2d at 837, a statutory rape case decided prior to adoption of the revised criminal code. Former AS 11.15.120, the statute applicable in *Guest,* had no corresponding provision establishing an affirmative defense, as does AS 11.41.436. The court in that case found it necessary to infer a requirement of criminal intent, in order to avoid the imposition of strict criminal liability for an offense not involving the public welfare. *Id.* at 839. Jager's proposed instruction, which tracks the language in *Guest* rather than AS 11.-45.445, misstated the current law.

■ Jager additionally claims that the jury should have been instructed that it could consider evidence of his exhaustion and intoxication in determining whether he reasonably believed that P.M. was at least sixteen years old. We find no merit in this claim. The gist of Jager's defense was that his belief concerning P.M.'s age resulted from the mannerisms and behavior she displayed throughout the summer, not from her conduct immediately prior to the offense. His intoxication or exhaustion on the day of the offense has little relevance to the reasonableness of his belief concerning her age.

Moreover, as a matter of law, Jager's intoxication could not have made reasonable a belief that would otherwise have been unreasonable. Under AS 11.81.-900(a)(2), voluntary intoxication does not absolve a person from acting "knowingly." Similarly, under AS 11.81.900(a)(3), a person who is unaware that his conduct creates an unjustifiable risk of harm is nevertheless guilty of recklessness if his lack of awareness is attributable to voluntary intoxication. *See Williams v. State,* 737 P.2d 360, 364 (Alaska App.1987).

Here, the trial court correctly instructed the jury on all of the essential elements of the offense. Nothing in the instructions precluded the jury from considering Jager's mental condition at the time of the alleged offense. Under these circumstances, the trial court did not abuse its discretion in rejecting the proposed instructions dealing with Jager's exhaustion and intoxication.

The judgment of the superior court is AFFIRMED.