**STATE of Alaska, Petitioner and Cross–Respondent,**

v.

**Michael FREMGEN, Respondent and Cross–Petitioner.**

Court of Appeals Nos. A–4909, A–4939.

Court of Appeals of Alaska.

Feb. 17, 1995.

Hearing Granted April 4, 1995.

Eric A. Johnson, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for petitioner and cross-respondent.

Mauri Long and Ray R. Brown, Dillon & Findley, P.C., Anchorage, for respondent and cross-petitioner.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

COATS, Judge.

The state indicted Michael Fremgen for six counts of sexual abuse of a minor in the first degree for engaging in sexual penetration with S.M., a female under thirteen years of age.[1] Fremgen filed a motion with the court in which he contended that Alaska Statute 11.41.445(b) was unconstitutional to the extent that it prohibited him from defending against the charge of sexual abuse of a minor in the first degree on the ground that he reasonably believed that S.M. was over the age of sixteen.[2] AS 11.41.445(b) establishes an affirmative defense to charges of sexual abuse of a minor and provides:

> In a prosecution under AS 11.41.410—11.41.440, whenever a provision of law defining an offense depends upon a victim's [sic] being under a certain age, it is an affirmative defense that, at the time of the alleged offense, the defendant reasonably believed the victim to be that age or older,

---

1. AS 11.41.434(a) states in relevant part:
   An offender commits the crime of sexual abuse of a minor in the first degree if ... being 16 years of age or older, the offender engages in sexual penetration with a person who is under 13 years of age[.]

2. Under the statutes prohibiting sexual abuse of minors, the age of consent in Alaska is 16 years. *See* AS 11.41.436(a)(1).

*unless the victim was under 13 years of age at the time of the alleged offense.* (Emphasis added.)

Superior Court Judge Rene J. Gonzalez conducted an evidentiary hearing on Fremgen's motion. Several witnesses testified at this hearing. At the conclusion of the hearing, Judge Gonzalez found that there was a substantial basis to Fremgen's defense that S.M. exhibited a sexual and physical maturity which could lead a reasonable person to believe that she was older than her actual age of just under thirteen years. Judge Gonzalez rejected Fremgen's claim that AS 11.41.445(b) was unconstitutional on its face. He concluded, however, that the statute was unconstitutional as applied to Fremgen. Judge Gonzalez ruled that Fremgen would be allowed to present an affirmative defense that he reasonably believed that S.M. was age sixteen or older.[3]

■ The state filed a petition for review in this court. Fremgen filed a cross-petition asking for review on the constitutional challenges which Judge Gonzalez rejected. This court granted both petitions. The parties have briefed and argued the case to this court. We now affirm Judge Gonzalez's ultimate decision allowing Fremgen to present a defense of reasonable mistake of age. However, unlike Judge Gonzalez, we base our conclusion upon the Alaska Supreme Court's decision in *State v. Guest*, 583 P.2d 836 (Alaska 1978). Following *Guest*, we find that convicting Fremgen of sexual abuse of a minor without allowing him to present the affirmative defense of a reasonable mistake of age would violate his right to due process of law under the Alaska Constitution. We accordingly do not consider Judge Gonzalez's ruling that AS 11.41.445(b) was unconstitutional as applied to Fremgen.

In *Guest*, the defendants were charged with the statutory rape of a fifteen-year-old female in violation of former AS 11.15.120.[4] Prior to trial, the defendants asked the trial judge to give an instruction that if the defendants held a reasonable belief that the fifteen-year-old victim was sixteen years of age or older, then the jury must find the defendants not guilty of the charges of statutory rape. 583 P.2d at 837. The trial judge agreed to give the instruction if the evidence at trial supported it.[5] The state petitioned for review from the trial judge's decision to give the instruction. The supreme court affirmed, overruling a prior decision.[6] Earlier decisions by the court in *Speidel v. State*, 460 P.2d 77 (Alaska 1969), and *Alex v. State*, 484 P.2d 677 (Alaska 1971), played an important part in the court's reasoning. The supreme court noted that it had held in both cases that "it would be a deprivation of liberty without due process of law to convict a person of a serious crime without the requirement of criminal intent." *Guest*, at 838.[7] The court stated:

---

**3.** Fremgen concedes that unless he can show that he reasonably believed that S.M. was 16 years of age or older, he cannot establish the defense of reasonable mistake of age. Fremgen acknowledges that even if he reasonably believed that S.M. was 13 years of age or older but under 16, this would be sufficient showing of criminal intent to allow his conviction for sexual abuse of a minor in the first degree. *See Bell v. State*, 668 P.2d 829, 832–33 (Alaska App.1983) (no violation of due process to refuse to allow a reasonable mistake of age defense for a charge of inducing a person under the age of sixteen to engage in prostitution where defendant's knowledge that he was promoting prostitution was sufficient to provide criminal intent). *See also Ortberg v. State*, 751 P.2d 1368, 1374 (Alaska App.1988) (no *mens rea* requirement that defendant know that damage he caused exceeded $500 for criminal mischief charge); *Noblit v. State*, 808 P.2d 280, 284–86 (Alaska App.1991) (no *mens rea* requirement in hindering prosecution case that defen-

dant know that person he aided committed a felony).

**4.** Former AS 11.15.120 provided in relevant part:

> **Rape.** (a) a person who ... (2) being 16 years of age or older, carnally knows and abuses a person under 16 years of age, is guilty of rape.

**5.** The parties in *Guest* stipulated that they expected the evidence at trial to support a reasonable belief on the part of the defendants that the alleged victim was 16 years of age or older at the time of the alleged act of sexual intercourse. *Id.* at 837.

**6.** *Anderson v. State*, 384 P.2d 669 (Alaska 1963).

**7.** The court also referred to its decision in *Kimoktoak v. State*, 584 P.2d 25 (Alaska 1978), as supporting the same principle.

We believe that the charge of statutory rape is legally unsupportable under the principles of *Speidel, Alex* and *Kimoktoak* unless a defense of reasonable mistake of age is allowed. To refuse such a defense would be to impose criminal liability without any criminal mental element. The defense of reasonable mistake of fact is generally allowed in criminal cases to permit the defendant to show that he lacked criminal intent. When that opportunity is foreclosed the result is strict criminal liability.

. . . .

[I]n such cases, where the particular statute is not a public welfare type of offense, either a requirement of criminal intent must be read into the statute or it must be found unconstitutional.

583 P.2d at 838–39 (footnote and citations omitted).[8]

■ The state points out that in *Guest* the supreme court quoted from what was then the tentative draft of the Alaska Criminal Code which ultimately became law as AS 11.41.445(b). *Id.* at 838 n. 2. The state contends that by setting out in its entirety proposed AS 11.41.445(b), the supreme court "tacitly approved the draft." This is certainly a possibility. However, as a lower court within the state court system, we are bound by the decisions of the Supreme Court of Alaska. The clear language of *Guest* is sweeping, and unmistakably requires the state to prove criminal intent for the conviction of a serious crime. *Id.* at 838. *Guest* specifically applied this principle to require a defense of reasonable mistake of age. Furthermore, the *Guest* opinion does not stand alone. The Supreme Court of Alaska has consistently refused to allow a defendant to be convicted of a serious criminal offense based upon strict liability. *See Hentzner v. State,* 613 P.2d 821 (Alaska 1980); *Kimoktoak v. State,* 584 P.2d 25 (Alaska 1978); *Alex v. State,* 484 P.2d 677 (Alaska 1971); *Speidel v. State,* 460 P.2d 77 (Alaska 1969).

We conclude that under *Guest v. State,* Judge Gonzalez was required to allow Fremgen to present an affirmative defense that he reasonably believed that at the time that he engaged in sexual penetration with S.M., she was sixteen years of age or older. We accordingly AFFIRM Judge Gonzalez's decision.[9]

---

8. The court defined "public welfare" offenses as a rather narrow class of regulatory offenses which imposed stringent duties on those who were connected with activities affecting the public health, safety and welfare. The court stated that:

> The penalties for the infraction of strict liability offenses are usually relatively small and conviction of them carries no great opprobrium. Statutory rape may not be categorized as a public welfare offense. It is a serious felony.

*Id.* at 838 (citation omitted).

9. Fremgen concedes that at trial he will have the burden of establishing by a preponderance of the evidence that he reasonably believed that during the incidents charged S.M. was sixteen years of age or older. Reasonable mistake of age is an affirmative defense under which the defendant has the burden of proof under AS 11.41.445(b). We recently upheld the allocation of the burden of proof in *Steve v. State,* 875 P.2d 110, 115–23 (Alaska App.1994).