**Tillman Foster ETHERTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15190.**

United States Court of Appeals
Ninth Circuit.

June 25, 1957.

Writ of Certiorari Denied Jan. 6, 1958.

See 78 S.Ct. 349.

Tillman Foster Etherton, in pro. per.

William T. Plummer, U. S. Atty., Lloyd L. Duggar, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before STEPHENS, FEE and BARNES, Circuit Judges.

PER CURIAM.

Etherton was convicted after trial before a jury in the Alaska District Court. One indictment was in four counts, each charging a felony, and a second contained two separate felony counts. The charges dealt with contributing to the delinquency of two different minors and sodomy. The trial was on the two indictments consolidated. The verdict was guilty on each of the counts. He was sentenced on March 20, 1951, to twenty years imprisonment. No appeal was taken. A year after sentence, appellant filed a motion to vacate and set aside judgment, which was denied by the District Court. A vast number of motions of all types were filed in the District Court between that time and the present. All have been denied there.

On March 29, 1956, Etherton filed in the District Court an affidavit and motion to proceed in forma pauperis, a motion to vacate and set aside the judgment and sentence and a motion for personal appearance. The District Court denied all these motions.

■ The time for appeal from the original conviction has long since passed, and Etherton cannot use these motions as a writ of error or appeal. Therefore, no consideration is given to the allegations that two indictments were tried without consolidation or the supposed harmful consequences which followed such a trial. The record shows that the indictments were consolidated. The allegation that the same offense was charged in two separate counts is not true and would not be ground for action here in any event.

■ One indictment charges in one count that Etherton contributed to the delinquency of a minor, Larry Cox, at Anchorage, Alaska, between September, 1949, and June, 1950, and another count charges appellant contributed to the delinquency of the same minor during the same period at Wasilla, Alaska. These two locations are seventy miles apart by road. The statute, A.C.L.A. § 65–9–11, addresses itself to prohibition of an "act or omission." The counts of the indictment are drawn to accord with this purpose. The acts alleged to contribute to delinquency are not only alleged to be performed at different places, but obviously these must have been at different times. The other indictment is similarly good against such allegations, since it specifically charges in two counts the same offense committed upon one Wiley at different places and within stated separate times. The other two counts charge two different crimes committed on one Shaw. The separate sentences may therefore be properly cumulated. This Court cannot go further and review the evidence.

■ Appellant claims that the territorial act under which punishment was imposed was so vague and uncertain as to be unconstitutional. The statute provides that anyone who performs acts or omissions which contribute to the delinquency of a minor shall be guilty of a felony.[1] It thus follows a pattern familiar in the states of this country. The particular portion chosen for attack is the punitive section, which reads in part:

"* * * shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for not more than two years nor less than one year, or by imprisonment in the federal jail for not more than one year nor less than one month, or by fine of not more than one thousand dollars nor less than one hundred dollars, or by both such fine and imprisonment." A.C.L.A. § 65–9–11.

There seems to be no difficulty here. The crime is defined as a felony. The judge is given a wide discretion as to what punishment may be applicable. Indeed, as all must recognize, the limits

---

[1] There is no positive suggestion by the parties here that there is vagueness in the statutory definition of the crime to "contribute to the delinquency of any child" (A.C.L.A. 65–9–11), although this may be implied. Statutes, similarly worded, have been adopted in many of the states of this Circuit. Since the statute law of Oregon has been generally used as a basis for the Alaska enactments, the following quotation therefrom well illustrates the point:

"When a child is a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, * * upon conviction by a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years." Oregon Revised Statutes, § 167.210, defining a felony.

See also Arizona Revised Statutes, § 13–822; California Welfare and Institutions Code §§ 700, 702 (West's Ann.); Nevada Revised Statutes, §§ 201.090–201.-110. A like statute, Idaho Code, § 16–1710, was recently repealed in favor of a comprehensive youth rehabilitation code, § 16–1801 et seq. Such legislation has been upheld, and, since the Alaska statute was adapted therefrom, unquestionably it must be sustained against such an attack.

must be wide to accommodate the various acts and omissions which may fall within its purview. It obviously makes no difference that a crime punishable by imprisonment in the penitentiary is a felony and that other crimes are misdemeanors, as provided by A.C.L.A. § 65–2–2. That section governs provisions which do not expressly describe the prohibited act as a felony or a misdemeanor, but do provide minimum punishment. Here the statute declares this crime to be a felony. Appellant was given a felony sentence. He cannot complain that some other person may be given a lesser penalty.

Affirmed.