978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas J. FAUST, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Nov. 6, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Faust appeals from the district court's dismissal of his motion made under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 A jury convicted Faust on three counts of uttering checks with forged endorsements under 18 U.S.C. § 495 and on one count of embezzling proceeds from a check in violation of 18 U.S.C. § 641. On direct appeal we reversed Faust's conviction on one forgery count, but affirmed the convictions on the remaining forgery and embezzlement counts. See United States v. Faust, 850 F.2d 575, 580, 582 (9th Cir.1988).
 
 
 4
 On June 1, 1987, Faust was sentenced to a three-year term of probation on each count, with the terms to be served concurrently. On April 25, 1989, he filed a § 2255 motion asking the district court to set aside his convictions. Faust alleged that the district court had improperly refused to instruct the jury on his defense theories. He argued that the government had no ownership interest in the checks that he had endorsed and cashed. He asserted that the government had relied upon perjured testimony and forged documents to secure the convictions. Finally, Faust maintained that he had received ineffective assistance of counsel at trial.
 
 
 5
 After a four-day evidentiary hearing, a magistrate judge rejected Faust's arguments. The district court accepted the magistrate judge's findings and dismissed the motion. Faust timely appeals, and we have jurisdiction under 28 U.S.C. § 2255.
 
 
 6
 * Faust meets the custody requirement for bringing a § 2255 motion. Although a petitioner has no standing to file the motion after his sentence has fully expired, Maleng v. Cook, 490 U.S. 488, 492 (1989), Faust filed his motion while on probation. His release from probation while the motion was pending fails to moot this appeal. United States v. Hearst, 638 F.2d 1190, 1192 n. 1 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).
 
 II
 
 7
 Although we reach the merits of Faust's appeal, we conclude that the § 2255 motion was properly dismissed. We thoroughly considered on direct appeal most of Faust's arguments, including those related to jury instructions on his defense theories and government ownership of the checks. In repeating these arguments, Faust misconceives the purpose and scope of § 2255; it does not serve as a second opportunity for an appeal. See Etherton v. United States, 249 F.2d 410, 412 (9th Cir.1957), cert. denied, 355 U.S. 919 (1958). See also United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir.1981) (nonconstitutional claims reviewable in a § 2255 motion only where asserted error resulted in complete miscarriage of justice). To the extent that any of these repeated arguments are cognizable under § 2255, Faust offers us no reason to believe that the ends of justice would be served by relitigating them. See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976); see also McCleskey v. Zant, 111 S.Ct. 1454, 1471 (1991) (defining "ends of justice" to mean a fundamental miscarriage of justice). Accordingly, we decline to reconsider those arguments. See Clayton v. United States, 447 F.2d 476, 477 (9th Cir.1971).
 
 
 8
 The new arguments which appear in the motion are themselves without merit. We review de novo whether Faust has asserted a valid claim of ineffective assistance. Iaca v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). To demonstrate ineffective assistance, Faust must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's behavior falls within "the wide range of reasonable professional assistance" for which no Strickland claim will lie. Id. at 689.
 
 
 9
 Faust asserts that he was prejudiced when his trial counsel failed to call key witnesses to testify in his defense.[1] The record, however, reveals that counsel's decision not to call those witnesses could well have benefited Faust. One witness might have committed perjury, while another's testimony was probably inadmissible.[2] Counsel's conduct on these facts reflected strategy rather than incompetence. A tactical decision by counsel with which the defendant disagrees forms no basis for an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). Faust has shown neither that his counsel's performance was deficient nor that he was prejudiced by that performance. Accordingly, Faust's ineffective assistance claim fails.
 
 
 10
 Faust also contends that the district court admitted into evidence perjured testimony and forged documents that were harmful to his case. He concedes that he must show cause and prejudice arising from the district court's evidentiary rulings to excuse his failure to raise objections to those rulings at trial. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Faust blames his trial counsel for the procedural default.
 
 
 11
 Faust's underlying ineffective assistance argument is unavailing. Faust's counsel stipulated to the admission of only relevant portions of the Security Agreement between Faust's shipping concerns and the Government because the entire Agreement was too large to be managed easily. We agree with the district court that the additional portions would have given little further aid to Faust.
 
 
 12
 Faust's counsel also stipulated to the admission of a chart diagramming Faust's diverse business holdings. Faust contends that the chart that was admitted into evidence was a truncated and misleading version of an original chart which the Government had presented during pretrial proceedings. We agree again with the district court that any differences between the original and the substituted charts were insufficient to have prejudiced Faust. Therefore, Faust offers no ground for us to excuse his procedural default on these claims. Accordingly, we reject Faust's challenge to the district court's evidentiary rulings.
 
 
 13
 Faust raises several additional challenges, each of which we either have considered before and rejected, or now reject as entirely meritless. Accordingly, the district court's dismissal of Faust's § 2255 motion is
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Faust also argues that his counsel failed to press his argument that the government had no claim to the proceeds of the checks at issue. Because we have said the government had a claim to those proceeds, see Faust, 850 U.S. at 579-80, counsel's actions in this regard could hardly be constitutionally deficient
 
 
 [2]
 Counsel may have been unaware of a third potentially helpful witness, but counsel was under no obligation to find every person whose testimony might have aided Faust. United States v. O'Neal, 910 F.2d 663, 669 (9th Cir.1990); United States v. Layton, 855 F.2d 1388, 1420 (9th Cir.1988)